## THE STATE v. McCARTY.

1. INDICTMENT—CAPTION—AMENDMENT.—An indictment cannot be amended, after it has been returned by the grand jury, in any material part. If improperly amended, judgment thereon will be arrested.
2. SAME.—It is not essential to state at length in the caption to an indictment the qualifications of the grand jurors, nor to recite the facts which give the court jurisdiction, if it be one of general criminal jurisdiction.
3. SAME.—The allowance of an amendment to the caption of an indictment, which is no part of the indictment; in respect to a matter which needed no amendment, is no cause for arresting judgment.

(2 *Chand.* 199.)

CERTIFIED case from the Circuit Court for *Brown* County.

This matter came into this court on the certificate and report of the circuit judge holding the circuit court for Brown county, to be advised in accordance with the statute. It will be seen by the opinion of the court that the matter arose, upon a motion of the district attorney to amend the caption of an indictment found against *McCarty*, when the same was called for trial, which motion was granted, and *McCarty* was found guilty, and his sentence suspended in order to obtain the opinion of this court upon the question raised upon the allowance of the amendment.

*S. R. Cotton*, for *McCarty*, argued that the caption of an indictment is an essential integral part of it, and as much the finding of the jury or any other portion of it; and to this point cited 1 Chitty's Crim. Law, 325, 326, 328, 335; 1 Hawk. P. C. 327; 1 Stark. 220, 222. That in this state the caption

is material, under the provisions of the constitution, and could not be amended after it was filed. 1 Chitty's Crim. Law, 336 ; 2 Hawk P. C. That a verdict did not cure a defective indictment.

*C. James*, in behalf of the state for the attorney-general, argued that it was not cause for arresting judgment, because there was no sufficient caption to an indictment. Wheat. Am. Com. Law, 65,66 ; *People v. Jewett*, 3 Wend. 319.

WHITON, J. This case comes up on the report of the circuit judge before whom the cause was tried. The defendant was indicted for murder.

The indictment charging the offense commences as follows :

STATE OF WISCONSIN,  ⎰
*Circuit County of Brown,* ⎱ *ss.* :

Of October term, in the year of our Lord one thousand eight hundred and forty-nine.

" The jurors of the grand jury for the state of Wisconsin, inquiring in and for the county of Brown aforesaid, being duly tried, empanelled and sworn, do, upon their said oaths, present," etc.

After the defendant had pleaded to the indictment, the district attorney moved to amend it, by inserting after the words " state of Wisconsin " in the second line, the words " good and lawful men of the county aforesaid," and also after the word " aforesaid " at the end of the third line, the words " at the October term of said circuit court, begun and holden at Green Bay in the said county, on the first Monday of October, in the year of our Lord one thousand eight hundred and forty-nine." The amendments were allowed by the court, and the jury having found the defendant guilty, the judge being in doubt as to the correctness of his ruling, certified the case to this court in accordance with the statute.

If the amendments were at all material, their allowance would be good cause for arresting the judgment. Indictments cannot be amended. But the amendments allowed were to

the caption, and that is no part of the indictment. 1 Chit. Crim. Law, 326; *The People v. Jewett*, 3 Wend. 319. And we are satisfied that in this case the caption was correct, as it stood before the amendments were allowed. It is not necessary to state at length, in the caption to an indictment, the qualifications of the grand jurors, nor to recite all the facts which give the court jurisdiction, when the court in which the indictment is found, is a court of general criminal jurisdiction. *Turns v. Commonwealth*, 6 Met. 224. In this case, as the indictment was in all respects good, before the amendments were allowed, and as their allowance did not prejudice the defendant on his trial, we see no reason for arresting the judgment.