## STATE v. JENKINS.

An erroneous statement in the caption of an indictment, of the year in which it was found, does not furnish ground for a motion to quash. Such an erroneous statement, if it were a defect, might be cured by amendment under Gen. Laws, c. 260, s. 13.

An indictment which charges the keeping for sale of "a large quantity of malt liquor known as ale, to wit, ten gallons of ale," sufficiently describes an offence against Gen. Laws, c. 209, s. 13.

1. INDICTMENT, for unlawfully keeping for sale ten gallons of spirituous liquor. The indictment was found at the April term, 1887, and the caption is as follows:

"State of New Hampshire.

"Merrimack ss. *At the Supreme Court holden at Concord within and for the county of Merrimack aforesaid, on the first Tuesday of April, in the year of our Lord one thousand eight hundred and eighty*

"The Grand Jurors of the state of New Hampshire upon their oath present," &c.

The defendant moved to quash. The motion was denied, and leave to amend, by inserting the word "seven" after the word "eighty" in the caption of the indictment was granted, and the defendant excepted.

2. A second indictment charged that the defendant, not being an agent of any town, place, or city for the purpose of selling spirit, with force and arms did then and there unlawfully, knowingly, and criminally keep for sale a large quantity of malt liquor known as ale, to wit, ten gallons of ale.

The defendant moved to quash the indictment because it does not sufficiently inform the defendant of the offence with which he is charged, and does not identify the offence so as to protect him from a subsequent prosecution for the same offence, or enable the court to render a proper judgment upon it.

*H. G. Sargent, Solicitor*, and the *Attorney-General*, for the state.

*Leach & Stevens* and *H. Robinson*, for the defendant.

BLODGETT, J. The motion to quash the first indictment because of an erroneous statement in its caption of the year in which it was found was rightly denied. The caption is no part of an indictment: its office is to state the style of the court at which, and the time and place when and where, the indictment was found, with reasonable certainty. *State* v. *Gary*, 36 N. H. 359. In our practice, however, it is customary to affix a caption to every indictment, and when this is done the caption may doubtless be referred to in order to ascertain the court in which and the time and place at which the indictment is found. But in these matters, and especially in that of time, the caption is not the sole evidence, and if it is defective the defect may be supplied by the general records of the term (*State* v. *Gary*, 36 N. H. 361, *Com.* v. *Hines*, 101 Mass. 33, *Com.* v. *Smith*, 108 Mass. 486), or by other competent evidence. And if this were not so, the amendment was clearly authorized by *s.* 13, *c.* 260, Gen. Laws, which provides that "No indictment, complaint, return, process, judgment, or other proceeding, in any

criminal case in the courts or course of justice, shall be abated, quashed, or reversed for any error or mistake, where the person or case may be rightly understood by the court, nor through any defect or want of form or addition; and courts and justices may, on motion, order amendments in any such case." Besides, *State* v. *Blaisdell*, 49 N. H. 81, is directly in point.

The motion to quash the second indictment is not well founded. The indictment charges the respondent with unlawfully keeping for sale a large quantity of malt liquor known as ale, to wit, ten gallons. The keeping of malt liquor for sale is thus set forth plainly, fully, substantially, and formally, as art. 15 of the constitution requires, and it is unquestioned by the respondent that such keeping is unlawful. His sole contention in argument is, that it does not appear whether the offence alleged is a violation of *s.* 15, *c.* 209, Gen. Laws, or of *s.* 13 of the same chapter, in which the penalty is different, and consequently that the indictment is bad for uncertainty. But *s.* 13 applies to spirituous or intoxicating liquors only, so that an indictment under that section must allege that the liquor sold or kept for sale is intoxicating; and this indictment contains no such allegation. On the other hand, *s.* 15 prohibits the sale or keeping for sale of "lager beer or other malt liquors not included in the list of those already prohibited by law" (that is, by *s.* 13), and from necessity, therefore, is applicable only to such malt liquors as do not fall within the prohibition of that section. In brief, both sections prohibit the sale and keeping for sale of malt liquors; but the prohibition in *s.* 13 is against such as are intoxicating, while that in *s.* 15 is against such as are not intoxicating. Hence an indictment under the latter section must not allege that malt liquor is intoxicating, while an indictment under the former must so allege, as before stated.

For these reasons we are of opinion that it sufficiently appears that the respondent is charged with the violation of *s.* 15.

*Exception overruled in the first case.*

*Motion to quash denied in the second case.*

CLARK, J., did not sit : the others concurred.