### STATE v. BRENNAN.

1. The prohibition contained in the fourth and sixth articles of the constitution of the United States is not a limitation upon the states, but exclusively upon federal power. The constitution of the United States was established by the people of the United States for their own government, and not for the government of the individual states. Each state establishes a constitution for itself, and in it provides such limitations and restrictions as its judgment dictates. These amendments

contain no expression indicating an intention to apply them to state governments.

2. Enactments regulating or prohibiting the traffic in intoxicating liquors raise no question under the fourteenth amendment of the constitution of the United States. So far as the right to sell intoxicating liquors exists, it is not one of the rights growing out of citizenship of the United States, and it in no case comes under said amendment of the United States constitution.

3. When the bill of exceptions does not contain the testimony taken before the state's attorney before filing an information, this court will not act upon the question of its sufficiency, or insufficiency, but will presume that the state's attorney had sufficient evidence before him to sustain his action.

4. A verification of an information by a state's attorney that it is "true to the best of deponent's knowledge, information, and belief," is good and sufficient under the statute.

5. An omission to state in the caption or commencement of an information the name of the court in which it is to be filed is a defect or imperfection which goes to the form, and does not tend to the prejudice of the defendant in any substantial right upon the merits. The rights of the defendant not being impaired by the omission in the information, it is not good ground for having it quashed or set aside.

6. An information stating the time when, the place where, and the person believed to be guilty of the offense of keeping intoxicating liquors for sale as a beverage, contains all the essential requisites for an information under the statute.

7. A verdict of conviction will not be set aside on the ground that the evidence does not support it when the bill of exceptions only purports to set out a part of the evidence. In the absence of an averment that the bill of exceptions contains all the evidence offered in the case, the appellate court will indulge any reasonable presumption that other evidence was introduced to support the verdict.

8. A verdict will not be set aside because detached portions of the charge, stated separately, do not correctly state the law, where it clearly appears that, taken as a whole, the charge correctly stated the law of the case, and the jury could not have been misled.

(Syllabus by the court.    Opinion filed December 22, 1891.)

Error to county court, Minnehaha county.    Hon. E. PARLIMAN, Judge.

Criminal proceedings charging defendant with the offense of keeping intoxicating liquors for sale as a beverage. Verdict of guilty and judgment thereupon entered. Defendant brings error to this court. Affirmed.

The facts are fully stated in the opinion.

*D. E. Powers* and *Joe Kirby*, for plaintiff in error.

The provisions of §§ 7241-9, Comp. Laws, are mandatory. An information should be entitled in some court having authority to receive it.   State v. Williams, 2 McCord 301; Man-zan-wau-ne-ka v. U. S.   1 Pin. 124; State v. Sutton, 1 Humph. 281; U. S. v. Bebee, 2 Dak. 299; a defendant, in all criminal matters, has the right to demand the nature and cause of the accusation against him, stated with certainty and definiteness.   This the information fails to do.   1 Bish. Crim. Proc. 3d Ed. 108; McLaughlin v. State, 45 Ind. 338; Whitney v. State, 10 Ind. 404; Hewitt v. State, 25 Tex. 722; Wilburn v. State, 25 Tex. 738; Murphy v. State, 24 Miss. 590; State v. Lennon, 47 Me. 426.   All the ingredients of which the offense is composed must be alleged.   State v. Butcher, 47 N. W. 406.

*Robert Dollard, Attorney General,* for defendant in error.

The prohibition contained in the first twelve amendments to the constitution of the U. S. are not limitations upon the state but upon the federal power exclusively.   Bowen v. Baltimore, 32 U. S. 7. Pet. 247; Fox v. Ohio, 46 U. S. 5 How. 410; Bank v. Thomas, 59 U. S. 18 How. 384; Twitchell v. Commonwealth, 74 U. S. 7 Wall. 324; Presser v. Illinois, 116 U. S. 252; Mugle v. Kansas, 123 U. S. 623; Powell v. Pennsylvania, 127 U. S. 678; Eidenbecker v. District Court of Plymouth County, Iowa, 134 U. S. 30.

The objection to the testimony of the witness upon which the information was based cannot be reached by this court, as it is no part of the record.   §§ 4739, 7448 and 7473, Code Crim. Proc.

The common law prescribes the form and substantial particulars of an information, and it need not be entitled in the court where filed, nor verified if made by the public prosecutor. U. S. v. Bebee, 2 Dak. 281; § 141 Bish. Crim. Proc.

Substantial objections to the information, unless jurisdictional in their character, should be specific enough to point out the defects and should be made at the proper time.   § 7293, Code Crim. Pro.; Roberts v. State, 9 S. E. 675; People v. McCarthy, 18 N. E. 128; State v. Herm, 39 Minn. 464.   Defects of

form in criminal informations must be taken advantage of by demurrer. People v. Montieth, 73 Cal. 7, 13 Pac. 373.

A juror avowing his prejudice against the prohibitory law, was properly rejected. Sub. 2, § 7358, Code Crim. Proc. The action of the court in rejecting such juror was no ground for exception, § 74, 39 Code Crim. Proc.; 1 Thompson on Trials, 43.

When omitted, evidence is presumed to support the charge. 1 Thompson on Trials, 781-4, 62 Mich. 487.

Where motions for new trial and in arrest of judgment are not exhibited by the bill of exceptions, the appellate court will review only such errors as appear on the face of the record. McKee v. Calvart, 80 Mo. 348; Collins v. Barding, 65 Mo. 394; Robinson v. Hood, 67 Mo. 660; State *ex rel.* v. Galher, 77 Mo. 304; Powell v. Bevin, 11 Mo. App. 216. The mere recital in the entries of the clerk that such a motion was filed and overruled, will not be sufficient. Even if the objections raised to considering the motions for new trial and in arrest of judgment were not well founded, the former is waived by the latter, which was first made and disposed of. Chandle v. Hammond, 23 Ga. 493; Hall v. Neese, 27 Ill. 411; Craig v. Mississippi Mills, 12 Mo. App. 585; Carrington v. Hancock, 23 Mo. App. 299; McComb v. State, 11 Mo. 116.

BENNETT, J. This is a criminal proceeding, based upon an information filed in the county court of Minnehaha county, charging the plaintiff in error with the offense of keeping for sale intoxicating liquors as a beverage, in a certain frame, one story building on Eighth street in Sioux Falls, S. D. Upon this information the plaintiff in error was tried and found guilty, and was sentenced to 60 days imprisonment in the county jail, and to pay a fine of $100. Before the trial was had, the plaintiff in error moved to quash the information, because (1) that the law under which he was prosecuted is a violation of Articles 4, 6, and 14 of the amendment to the constitution of the United States; (2) that the information is not based upon sufficient testimony to meet the requirements of Section 9, Chapter 101, Sess. Laws 1890; (3) that the information is not properly verified, and is not sufficiently definite in alleging the

crime; (4) that the warrant is void, for the reason it is not signed by the county judge with whom the information was filed. This motion was overruled. Afterwards the plaintiff in error filed his demurrer to the information for substantially the same reasons, which was also overruled.

Our attention is first directed by the assignment of errors to the overruling of the motion to quash and the judgment of the court upon the demurrer. As both are based upon the same grounds, they may be considered together. The counsel for the plaintiff in error very wisely does not contend in his brief or argument that the court below erred in overruling his motion to quash and in not sustaining his demurrer on his first ground stated; that is that the law upon which the information is based is in violation of Articles 4, 6, and 14 of the amendments to the constitution of the United States. If it had been urged, it would have been untenable. The prohibition contained in the fourth and sixth clauses, as stated, is not a limitation upon the states, but exclusively upon federal power. This is so generally conceded that it is almost needless to cite authorities to sustain the proposition. We will, however, refer to the case of Barron v. City of Baltimore, 7 Pet. 243, arising as early as the year 1833. In that case the whole question was fully considered by Chief Justice MARSHALL, upon a writ of error to the court of appeals of the State of Maryland. The error alleged was that the state court sustained the action of the defendant, under an act of the legislature whereby the property of the plaintiff was taken for public use, in violation of the fifth amendment to the constitution of the United States. The supreme court held that its jurisdiction did not extend to the case presented, and the chief justice says: "The question presented is, we think, of great importance, but not of much difficulty. * * * The constitution was ordained and established by the people of the United States for themselves, for their own government, and not for the government of the individual states. Each state established a constitution for itself, and in that constitution provided such limitations and restrictions on the powers of its particular government as its judgment dic-

tated. The people of the United States framed such a government for the United States as they supposed best adapted to their situation, and best calculated to promote their interests. The powers they conferred on this government were to be exercised by itself; and the limitations on power, if expressed in general terms, are naturally, and, we think, necessarily, applicable to the government created by the instrument. They are limitations of power granted in the instrument itself, not of governments framed by different persons and for different purposes." And, in conclusion, after a thorough examination of the several amendments which had been adopted, he says: "These amendments contain no expression indicating an intention to apply them to state governments. This court cannot so apply them." This construction of these amendments has since been frequently upheld by that great tribunal, in language equally decisive. In the case of Fox v. Ohio, 5 How. 434 it was declared that they "were not designed as limits upon the state governments in reference to their own citizens, but exclusively as restrictions upon federal power." See, also, Smith v. State, 18 How. 76; Withers v. Buckley, 20 How. 90. In the case of Twitchell v. Com., 7 Wall. 327, Chief Justice CHASE, after citing the case of Barron v. City of Baltimore, *supra*, and quoting from the opinion as above, says: "In the views thus stated and supported we heartily concur. They apply to the sixth as fully as to any other of the amendments.

Legislation similar to ours now under consideration has also been repeatedly held by the supreme court of the United States to be unobjectionable to fourteenth amendment to the constitution of the United States. In the case of Bartemeyer v. Iowa, 18 Wall. 129, it was said that, prior to the adoption of the fourteenth amendment, state enactments regulating or prohibiting the traffic in intoxicating liquors raised no question under the constitution of the United States; and that such legislation was left to the discretion of the respective states, subject to no other limitations than those imposed by their own constitutions, or by the general principles supposed to limit all legislative power. Referring to the

contention that the right to sell intoxicating liquors was secured by the fourteenth amendment, the court said: "So far as such right exists, it is not one of the rights growing out of citizenship of the United States." In .Beer Co. v. Massachusetts, 97 U. S. 25, the court says: "As a measure of police regulations, looking to the preservation of public morals, a state law prohibiting the manufacture and sale of intoxicating liquors is not repugnant to any clause of the constitution of the United States." In Foster v. Kansas, 112 U. S. 201-206, 5 Sup. Ct. Rep. 8, 97, the court said that the question as to the constitutional power of a state to prohibit the manufacture and sale of intoxicating liquors was no longer an open one in that court (supreme court of the United States.) These cases rest upon the acknowledged right of the states of the Union to control their purely internal affairs, and in .so doing to protect the health, morals, and safety of their people by regulations that do not interfere with the execution of the powers of the general government. In Munn v. Illinois, 94 U. S. 113, the court said that, while power does not exist with the whole people to control rights that are purely and exclusively private, government may require each citizen to so conduct himself and so use his own property as not unnecessarily to injure another. See, also Mugler v. State, 123 U. S. 623, 8 Sup. Ct. Rep. 273; Powell v. Pennsylvania, 127 U. S. 678, 8 Sup. Ct. Rep. 992, 1257; Eilenbecker v. District Court, 134 U. S. 30, 10 Sup. Ct. Rep. 424.

As to the objection that the information is not based upon sufficient testimony to meet the requirements of the law, inasmuch as the bill of exceptions does not contain the testimony taken before the state's attorney before filing the information, this court has nothing before it upon which to base its judgment upon that point, but will presume that the state's attorney had the testimony or information that was requisite to sustain his action.

That the information is not verified, and does not definitely allege the crime, is the ground for the third objection. The statute under which the information is filed requires the information or complaint to be verified by the state's attorney

on information and belief, which verification shall have the same effect as if such information or complaint had been verified positively. In the case at bar the information is sworn to by the state's attorney as "true to the best of deponent's knowledge, information and belief." It could not have been more specific.

The form and substantial requisites of an information are not prescribed by any provision of our statutory law. The objection of the plaintiff in error that the information is not entitled in the court having authority to receive it, or in any court whatever, relates to the form, and not to the substance, of the information. Objections to the form of the information, apparent upon its face, must have been taken by demurrer or a motion to quash, before the jury were sworn. By reference to the record it will be seen that this was not done. The caption to an information, or even to an indictment, may be amended, as it is really no essential part of either. Mr. Bishop in his work on Criminal Procedure, (Sections 661, 662,) says: "There are connected with the caption, in what may be termed the American sense,—in other words, the extended commencement, used instead of the English caption,—some questions which are a little difficult on the authorities, though clear enough when considered in the light of principle. In manner of legal principle the extended commencement or caption is no part of the indictment as sworn to by a grand jury. It is a mere formal statement, which, though placed at the indictment, is still of no higher nature than is an entry on the docket made in court by the clerk,—a thing which, if erroneous, is subject, like a docket entry, to be corrected by an order of the judge, or, when it becomes transferred into the permanent records, to be amended to the same extent as any other part of the records." There are a number of adjudicated cases which sustain the position of Mr. Bishop on this point. State v. Jenkins, (N. H.) 10 Atl. Rep. 699; State v. Jones, 9 N. J. Law, 357; Brown v. Com., 78 Pa. St. 122; State v. McCarty, 2 Pin. 513; State v. Gilbert, 13 Vt. 647; Allen v. State, 5 Wis. 329; U. S. v. Thompson, 6 McLean, 56. State v. Bennett, (Mo.

Sup.) 14 S. W. Rep. 865. Some of these cases go so far as to say that the caption of an indictment may be amended in the supreme court, after its removal thereto by *certiorari*, upon proof of the necessary facts, or the case may be sent back to the lower court, there to be amended from the record. State v. Jones, 9 N. J. Law, 357. Again, were we left unaided by the light of the eminent authorities above cited, we should be inclined to hold that the omission to state in the caption or commencement of an information the court in which it was filed would be a defect or imperfection in matter of form which does not tend to the prejudice of the defendant in any substantial right upon the merits. He could not, by reason of this, have been surprised, misled, left in doubt, or have lost any advantage in the preparation of his defense. The rights of the defendant not being impaired in any respect by the omission in the information, the assignment of error is untenable.

The information is attacked upon the further ground that it states no facts which constitute an offense. It alleges that, "it appearing from testimony taken at an examination held before me in Sioux Falls, Minnehaha county, on the 21st day of February, 1891, that the offense of keeping for sale intoxicating liquors as a beverage has been committed by Thomas Brennan at a certain frame, one story building, with the word 'restaurant' painted on roof, situated east of Omaha railroad depot, first building on 8th street in said city of Sioux Falls; and it appearing that said defendant is the keeper of said place and has in his possession intoxicating liquors for sale as a beverage, contrary to the provisions of Chapter 101 of the laws of the State of South Dakota of the year 1890, * * * : Now, therefore, * * * I file this information and charge that the said Thomas Brennan, according to the best of my information and belief, is guilty of the offense of keeping intoxicating liquors * * * for sale as a beverage at the premises and in the place above described. * * *" By these extracts from the information it will be seen that the state's attorney, from an examination of witnesses, found that on the 21st day of February, 1891, in Sioux Falls, the offense of keeping intoxi-

cating liquors for sale as a beverage had been committed by the defendant; and the state's attorney, from his information and belief, states that the defendant is guilty of the offense at the time and place as specified. The information gives the time, the place, and the person believed to be guilty; and the facts which are specifically set forth are the essential requisites or an information under the statute to constitute the offense of keeping liquors for sale as a beverage. State v. Bennett, (Mo. Sup.) 14 S. W. Rep. 865.

The remaining assignment of error—for sustaining the demurrer because the warrant of arrest was not signed by the magistrate before whom the information was filed—will not be reviewed, because the warrant is not set out in the bill of exceptions, and we cannot say whether the alleged facts are true are not. The court made no error in overruling the motion to quash the information, nor in overruling the demurrer to it.

A new trial is also urged upon the ground of refusal of the court to strike out the testimony of witness Wells, who testified that he had bought whisky and beer of Mrs. Brennan, and because the prosecution failed to connect the defendant with the sale thus made. The bill of exceptions only purports to set out a part of the evidence. It nowhere states that it contains all of the evidence taken at the trial. In the absence of such an averment, the appellate court may indulge any reasonable presumption that other evidence was given of a character to support the verdict. When a reversal of a cause is sought upon insufficiency or the admission of improper evidence the bill of exceptions must set out all of the evidence introduced at the trial, and this must be so certified; otherwise the court will not consider or decide any question which depends for its proper decision upon the evidence.

The defendant assigns as further error that Section 22 of the prohibition act, as far as it makes the having of a government license *prima facie* evidence of the illegal sale of liquors, is unconstitutional and void. At the trial an attempt was made upon the part of the prosecution to prove that the defendant had in his possession a government license for the sale of in-

toxicating liquors. The evidence, however, was very slight, and could have had but little, if any, effect upon the jury in making up its verdict. Any conclusion we should come to upon the question of the constutionality of the *prima facie* character of the evidence would not effect the final conclusion of the case, as the evidence, without this, was amply sufficient to warrant a conviction.

Objection is further made to the charge of the court to the jury that the court told it the defendant sold intoxicating liquors. A close examination of the whole charge will show that this was not the fact, but, on the contrary, the charge shows that the jury was instructed by the court that, if "it believed from the evidence which is introduced before you that the defendant kept this liquor for the purpose of sale, it is your duty to convict; and for the purpose of showing that he kept the liquor for the purpose of sale you have a right to take into consideration the fact of liquors having been purchased from him at that place." There can be nothing wrong in this instruction, unless it should be in the latter clause. The defendant was being tried for the offense of keeping intoxicating liquors for sale as a beverage. Now, if it was shown that he had sold intoxicating liquors as a beverage at that place, and the fact being established that he had on hand intoxicating liquors, the presumption would naturally arise that he was keeping these liquors for the purpose of sale. And further on in the charge the court instructed the jury that, "if you find from the evidence that defendant did not keep such a place, and that he did not keep the liquor for sale, then you must acquit. This is a question of fact for you to determine." The charge was very full, and, taking it as a whole, it was unobjectionable. Upon a careful review of all the alleged tangible errors, assigned and unassigned, as disclosed by the record, we can find nothing that will warrant a reversal of the judgment in the court below. It is therefore affirmed. All the judges concurring.