# THE STATE OF NORTH DAKOTA v. WILLIAM BUTLER and William Kimball.

(144 N. W. 238.)

**Criminal information — prize fighting — charging clause — one offense stated.**

1. A criminal information charging that the defendants, at a time and place named, "did wilfully, wrongfully, and unlawfully engage in a certain unlawful, premeditated fight and contention with each other in a ring, wherein the said B. and K. did then and there fight and contend with each other by striking and attempting to strike, and beating and attempting to beat each other," which information was drawn under § 9089, Rev. Codes 1905, which reads: "Every person who engages in, instigates, encourages, or promotes any ring or prize fight, or any other premeditated fight or contention, whether as principal, aid, second, umpire, surgeon, or otherwise, although no death or personal injury ensues, is guilty of a misdemeanor,"—does not charge two offenses.

**Caption — information — title of court — omission — not prejudicial — form — substance.**

2. The caption of the information, in addition to the venue and title of the action, contained the words, "In ———— court." On the back of the information was the statement that it was in the county court of Ward county, and the certificate of the clerk that it was filed in the county court of that county. *Held*, that the omission of the title of the court was only in form, and not in substance, and could not have mislead or prejudiced the defendant, and did not render the information bad on demurrer.

**Information — motion to amend — denial — abuse of discretion.**

 3. The denial of a motion made before the commencement of the trial by the state's attorney, for leave to amend the information by inserting the omitted word "county," was an abuse of discretion.

Opinion filed November 20, 1913.

Appeal from an order of the County Court of Ward County, sustaining a demurrer to a criminal information, *Hon. William Murray,* J.

 Reversed and remanded.

 *R. A. Nestos,* State's Attorney, *Dorr H. Carroll,* Assistant State's Attorney, for appellant.

 The information charges but one, distinct, specific offense,—that of prize fighting,—and is not duplicitous. Seville v. State, 49 Ohio St. 117, 15 L.R.A. 516, 30 N. E. 621; Rev. Codes 1905, § 9089; Rex v. Hargrave, 5 Car. & P. 170; Com. v. Barrett, 108 Mass. 302; Com. v. Welsh, 7 Gray, 324.

 An information is not open to the objection of duplicity where the charge is the doing, and having caused to be done, the acts which constitute the offense. 22 Cyc. 386; People v. Martin, 77 App. Div. 396, 79 N. Y. Supp. 340; Rasnick v. Com. 2 Va. Cas. 356; People v. Gusti, 113 Cal. 177, 45 Pac. 263; Peacock Distilling Co. v. Com. 25 Ky. L. Rep. 1778, 78 S. W. 893.

 Where assault is involved in the commission of a crime, both the assault and the completed crime may be charged. State v. Farley, 14 Ind. 23; 21 Cyc. 676; Com. v. Carson, 166 Pa. 179, 30 Atl. 985; State v. Ely, 35 La. Ann. 895; State v. Ryan, 15 Or. 572, 16 Pac. 417; State v. Phipps, 95 Iowa, 487, 64 N. W. 410.

 An information may charge burglary, or the breaking and entering a building, and also the larceny of goods therefrom. State v. Hayden, 45 Iowa, 11; State v. Shaffer, 59 Iowa, 290, 13 N. W. 306, 4 Am. Crim. Rep. 83.

 No appearance for respondents.

 SPALDING, Ch. J. The information in this case, omitting names of witnesses indorsed, signature of assistant state's attorney, and the verification, reads as follows:

State of North Dakota
County of Ward          } ss.          In              Court.

State of North Dakota

vs.

William Butler and William
Kimball,          Defendants.

Dorr Carroll, assistant state's attorney in and for the county of Ward, in the state of North Dakota, as informant here in open court, in the name and by the authority of the state of North Dakota, gives this court to understand and be informed:

That heretofore, to wit: On the 21st day of February, in the year of our Lord one thousand nine hundred and thirteen, at the county of Ward, in said State of North Dakota, William Butler and William Kimball, late of said county of Ward, and state aforesaid, did commit the crime of engaging in ring fight and contention, committed as follows, to wit:

That at said time and place the said William Butler and William Kimball did wilfully, wrongfully, and unlawfully engage in certain unlawful premeditated fight and contention with each other in a ring, wherein the said William Butler and William Kimball did then and there fight and contend with each other by striking and attempting to strike, and beating and attempting to beat each other.

This contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of North Dakota.

Dated at Minot, N. D., this 8th day of April, A. D. 1913.

On the back the information was indorsed, "In county court, county of Ward," with the names of the parties, the offense, and the certificate of filing in the county court of Ward county, during a term of said court by the order of the court.

To this information, the defendants interposed a demurrer, stating in the caption that it was in the county court of Ward county, and alleging as the grounds of the demurrer, among others, that the same

is not entitled in a court having jurisdiction of the defendants, or the subject-matter of the action; that said information is duplicitous, and states more than one offense, and does not sufficiently apprise said defendants of the crime or public offense sought to be charged, and contains no plain statement of facts apprising said defendants of the nature of the offense sought to be charged, and in such manner as to enable said defendants to prepare a defense thereto. After argument the court sustained the demurrer, on what grounds we are not advised. The state's attorney then moved to amend the information by the insertion of the word "county" in the venue, between the words "in" and "court," so that it would read, "State of North Dakota, county of Ward, in county court." This motion was denied, and the court dismissed the action. An exception was allowed to the state on the ruling of the court. The case is before us on an appeal by the state, and the two errors assigned which must be considered are that the court erred in sustaining the demurrer to the information, and that the court erred in denying the defendant's motion to amend the information by inserting the word "county" in the venue, so that it might read, "State of North Dakota, county of Ward, in county court."

1. Does the information charge more than one offense? The information was drawn under § 9089, Rev. Codes 1905, which reads: "Every person who engages in, instigates, encourages, or promotes any ring or prize fight, or any other premeditated fight or contention, whether as principal, aid, second, umpire, surgeon, or otherwise, although no death or personal injury ensues, is guilty of a misdemeanor." It will be observed that the information is drawn in the language of the statute quoted, in so far as it is applicable to the principals in a ring fight. To it is added the allegation that they "did, then and there, fight and contend with each other, by striking and attempting to strike, and beating and attempting to beat." The respondents did not appear in this court on the hearing, and have filed no briefs. We gather from the brief of the state that the contention was that the allegation last quoted described a different offense from the one quoted in the language of the statute. We do not so construe this information. The last quotation is simply a description of the acts claimed to have been done by the defendants in engaging in a ring fight and contention. In many cases it is sufficient to allege the commission of the offense in the lan-

guage of the statute, but this rule has its exceptions. We need not determine whether the charging of the commission of this offense comes within the rule or the exceptions. It is clear that the latter part of the information contains only statements supporting the more general part, and that they are in complete harmony therewith. It was drawn in accordance with the holding of the Mississippi court in Sullivan v. State, 67 Miss. 346, 7 So. 275, 8 Am. Crim. Rep. 656. Under our system of procedure, and particularly under the provisions of § 9856, Rev. Codes 1905, an information is sufficiently definite if the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended, and it is sufficient if the act or omission is charged with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case. State v. Longstreth, 19 N. D. 268, 121 N. W. 1114, Ann. Cas. 1912D, 1317.

Does the fact that this information, in addition to the allegation that the defendants "did wilfully, wrongfully, and unlawfully engage in a certain unlawful, premeditated fight and contention with each other, in a ring," charges that they "did, then and there, fight and contend with each other, by striking, etc.," render the language of the information uncertain or indefinite? We think it adds certainty and definiteness to the allegations of the information. It states the acts in which the parties engaged, and which constituted or completed the commission of the offense. Had this allegation been omitted, the defendants would undoubtedly have been before the court asserting vigorously that the preceding allegation only constituted a conclusion, and that no acts had been set forth, as having been done, which constitute the offense of engaging in a ring or prize fight. The two allegations do not charge separate and distinct offenses when read together, as they must be. It is manifest, of course, that the "striking and attempting to strike" might be acts constituting some other offense, if these terms were employed without reference to the remainder of the information, but they are charged, not as a separate offense, but as the acts done, which constituted violation of the statute. Hence, as relates to this phase of the demurrer, it is not well taken.

2. The omission of the word "county" in describing the court was

not fatal to the information. The information was filed in the county court. The defendants were before the county court on a warrant issued by it upon the information complained of. The back of the information indorsed, as required by the statute, shows the court in which it was filed. No person possessed of a spark of intelligence could have been mislead or prejudiced by the omission. Besides these considerations, § 9856, Rev. Codes 1905, provides: "The information or indictment is sufficient if it can be understood therefrom: 1. That it is entitled in a court having authority to receive it, *though the name of the court is not stated.* . . ." The omission was in a merely formal part, and did not go to the substance of the information, and both under the authority of § 9856 quoted above and § 9857, this omission was immaterial. Section 9857 reads: "No information or indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." This identical question has been passed upon by the supreme court of South Dakota in State v. Brennan, 2 S. D. 384, 50 N. W. 625, where the question is discussed at some length by Judge Bennett, and it was held that the omission was immaterial and nonprejudicial, and we so hold, and in any event it could be cured by amendment, and it was an abuse of discretion in the trial court to deny the application of the state to amend by inserting the word "county," under the provisions of § 9796, Rev. Codes, 1905. See also King v. State, 5 How. (Miss.) 730; Taylor v. Com. 2 Va. Cas. 94; Com. v. Mullen, 13 Allen, 551. The order of the County Court is reversed, and the cause remanded for further proceedings in accordance with law.