## CHARLES NICHOLS v. STATE.

No. A-1729.    Opinion Filed July 8, 1913.

(133 Pac. 256.)

EVIDENCE—Evidence of Accomplice—Corroboration. To allow a conviction to stand upon the testimony of an accomplice not corroborated by any other evidence tending to connect the defendant with the commission of the offense would be in direct violation both of the letter and spirit of section 5884, Rev. Laws 1910, Procedure Criminal. The requirement of the law in this respect cannot be satisfied by any amount of corroborate evidence which does not tend to connect the defendant with the commission of the offense charged.

*Appeal from County Court, Craig County;*
*S. F. Parks, Judge.*

Charles Nichols was convicted of violation of the prohibitory law, and appeals. Reversed and remanded.

*Edw. H. Brady,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error, Charles Nichols, and one Roscoe Barney were jointly charged by information, filed February 15, 1911, with the unlawful sale of one pint of whisky to Lee Wilson, on the 11th day of February, the same year. On April 3d, plaintiff in error appeared, waived arraignment, and entered a plea of not guilty, and the case was set for trial on the next day. April 4th, the court on a motion of the state granted a severance and the state elected that plaintiff in error be first tried. Thereupon he filed an application for continuance. The affidavit in support of his application states that Ad Holden, who resides at Centralia, Craig county, is a material witness in his behalf, and if present would testify that he was with this defendant from 9 o'clock in the morning of said day until 9 or 10 o'clock that evening, and knows that this defendant did not sell, barter, give away, or otherwise furnish any intoxicating liquor to Lee Wilson, and that this defendant was not at the place where it was claimed that he sold the liquor, and that said testimony is true and that said witness can be secured by the next term of court, and that said facts cannot be proven by any other witness; that when the case was set for trial the day before he caused a subpoena to be issued and delivered to the sheriff; that Centralia is 22 miles distant from Vinita and the roads between are now almost impassable, and that the sheriff has been unable to serve said subpoena, and the defendant has not had sufficient time to secure this evidence. Which application was overruled and exception allowed.

Wesley Mowrey, the first witness for the state, testified that he was fourteen years of age; that on February 11th between 7 and 8 o'clock p. m. he was with Lee Wilson at the Star barn in Centralia, and there met Roscoe Barney, and Lee Wilson bought a half pint of whisky from Roscoe Barney; that he did not know the defendant Charles Nichols.

Lee Wilson testified that he was fourteen years of age, did not know the defendant Charles Nichols, but knew Roscoe Bar-

ney; that on Sunday evening he, with Wesley Mowrey, was at the Star barn and asked Roscoe Barney if he could get them some whisky and he said he thought he could get a little from Nick; that he gave him 50 cents and he went to the Johnston Hotel and returned with a half pint of whisky and gave it to them.

Thereupon the state asked for a dismissal of the case as to the defendant Roscoe Barney, and it was so ordered by the court. Roscoe Barney was then called as a witness on behalf of the state and testified that he lived at Centralia; had worked five or six months at the Star livery barn for Frank Nix. That Lee Wilson and Wesley Mowrey came to the barn about 8 o'clock that evening and they wanted whisky, and he went over to the hotel and called Mr. Nichols out and got a half pint of whisky from him, paid him 50 cents for it, and brought it back and gave it to the boys. On cross-examination he stated that he left the county about that time.

Charles Nichols, the defendant, as a witness in his own behalf, testified that he lived on his farm six miles west of Centralia, and he never did at any time sell or furnish whisky to Roscoe Barney, that he never did see Lee Wilson until he testified as a witness in this case, and knew nothing about Roscoe Barney selling or furnishing whisky to Lee Wilson.

The jury returned a verdict finding the defendant guilty as charged in the information. Motion for new trial was duly filed, and overruled on April 8, 1912, at which time the court pronounced judgment, and sentenced the defendant to be confined in the county jail for four months and to pay a fine of $500. From the judgment the defendant appealed by filing in this court, May 23, 1912, his petition in error with case-made.

We have not been favored by either a brief or oral argument in behalf of the defendant. The petition sets forth 29 assignments of error, and from our examination of the record it would seem that each and all are well taken. However, it suffices for the disposition of this appeal to say that the verdict and judgment are not supported by the law and the evidence. There was no evidence adduced that tended to connect the defendant with the commission of the offense charged, except that of his code-

fendant, who upon his own testimony is an accomplice, and a verdict of guilty upon the uncorroborated testimony of an accomplice is contrary to law and the evidence. *Thompson v. State,* 9 Okla. Cr. 525, 132 Pac. 695; *Head v. State,* 9 Okla. Cr. 356, 131 Pac. 937.

Our view of the evidence necessarily disposes of and determines the case; however, it is apparent from the record in this case that the most simple and plain rules of evidence and procedure were disregarded upon the trial. A record of this kind, we should not pass by in silence, lest our silence should be interpreted into an indorsement of, or indifference to, such practices.

We think it was an abuse of discretion to permit the severance and to overrule the application for a continuance upon the showing made. But assuming that the action of the court on these matters did not constitute error, owing to the charity which may be indulged in on account of the mistaken view on the part of the county attorney that he might be able to connect the defendant with the sale of the whisky to these boys by Roscoe Barney, after they had testified positively that Lee Wilson bought the whisky of Roscoe Barney the county attorney should have known that he could not make a case against the defendant on the uncorroborated testimony of an accomplice, and for this reason the court erred in permitting the county attorney to dismiss the case against Roscoe Barney, as clearly it was a miscarriage of justice to grant immunity to Roscoe Barney, when the evidence of his guilt was undisputed. The rule of law forbidding a conviction upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense is, under the statute (section 5884, Rev. Laws 1910), positive and peremptory.

The state only demands the punishment of a citizen when his guilt has been clearly established according to the forms and rules of law prescribed for ascertaining his guilt. It is not to shield the guilty, but to protect the innocent that courts are steadfast in upholding the forms and rules of law by which it may be lawfully determined who are guilty. A fair trial is a legal

trial, or one conducted in· all material things in substantial conformity to law.    And one of the first lessons which a county attorney should learn is that the state does not expect and will not tolerate the use of any unfair means or methods to secure the conviction of one charged with crime.    If a conviction of the defendant cannot be had fairly, then the state does not ask for a conviction, because such a conviction would be tainted with, if not founded upon, injustice and wrong.    An unfair trial in a criminal case is a reproach upon the administration of public justice and casts grave responsibility not only upon the prosecuting attorney, but also upon the trial judge.

Because the evidence, independent of the testimony of the codefendant Roscoe Barney, does not tend to connect the defendant with the commission of the offense charged, the judgment of the county court of Craig county herein is reversed and the cause remanded with direction to dismiss.

. ARMSTRONG, P. J., and FURMAN, J., concur.