## GEORGE FAIRGRIEVE v. STATE.

Nos. A-1681, 1682. Opinion Filed September 9, 1913.

(134 Pac. 837.)

EVIDENCE — Evidence of Accomplice — Instructions — Corroboration.
Where the state relies upon the testimony of an accomplice to secure a conviction, the trial court, if requested, must instruct the jury that they cannot find the defendant guilty upon such evidence, unless it is corroborated by other evidence which tends to connect the defendant with the commission of the offense, and that the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. See section 5884, Rev. Laws 1910.

*Appeal from County Court, Garfield County;*
*Winfield Scott, Judge.*

George Fairgrieve was convicted of selling intoxicating liquors, and appeals. Reversed.

*D. W. Buckner*, for appellant.

*Smith C. Matson*, Asst. Atty. Gen., for the State.

FURMAN, J. Appellant was convicted in the county court of Garfield county, charged with the offense of selling intoxicating liquors. Upon the trial of the cause the state placed

one Lee Crews upon the stand, who testified that he was in the employment of appellant when the intoxicating liquors in question were sold, and as such employee he sold the liquors in question. When the cause was submitted to the jury, counsel for the defendant requested the court to instruct the jury with reference to accomplice's testimony as follows:

"You are further instructed that, if you find from the evidence that any person who has testified in this case is the accomplice, then you would not be at liberty to convict the defendant on the uncorroborated testimony of such accomplice, and this corroboration must extend to every essential element necessary to be proven as to the defendant's guilt."

Which instruction was properly refused by the court.

It is not the law that the testimony of an accomplice must be corroborated in every essential necessary to be proven as to the defendant's guilt. See *Alderman v. Territory,* 1 Okla. Cr. 562, 98 Pac. 1026. Section 5884, Rev. Laws 1910, covers this question as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

The court, therefore, did not err in refusing to give the instruction requested; but, as the attention of the court was directed to this matter, it was his duty to charge the law correctly. See *Morris v. Territory,* 1 Okla. Cr. 617, 99 Pac. 760, 101 Pac. 111. If this had been done, the conviction in this case would have been affirmed, as in the light of the evidence the other errors committed were not material; but the law with reference to the testimony of an accomplice is a material part of the statutes of this state; whenever the state uses the testimony of an accomplice, the court has not the right or power to refuse to charge the law laid down in the statutes upon any material question. It matters not how anxious a jury may be to believe the testimony of an accomplice; they are prohibited by law from convicting

a defendant upon such evidence unless it is corroborated by other testimony tending to connect the defendant with the commission of the offense; and such an instruction must be given, when requested, in cases where the state relies upon such evidence.

The judgment of the lower court is therefore reversed and the cause remanded for a new trial.

ARMSTRONG, P. J., and DOYLE, J., concur.