## JOHN KIRK v. STATE.

No. A-1624. Opinion Filed November 15, 1913.

(135 Pac. 1156.)

EVIDENCE—Accomplice Testimony—Necessity of Corroboration. Under Proc. Cr. (Rev. Laws 1910, sec. 5884), providing that "a conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof," there cannot be a conviction unless there is proof of substantial facts tending to connect the defendant with the commission of the offense aside from and without the aid of the accomplice testimony.

*Appeal from District Court, Washita County;*
*James A. Tolbert, Judge.*

John Kirk was convicted of grand larceny, and appeals. Reversed.

*Brett & Rice,* for plaintiff in error.

*Chas. West,* Atty. Gen., for the State.

DOYLE, J. This appeal is prosecuted from a conviction had in the district court of Washita county, in which the defendant was found guilty of grand larceny. On the 31st day of October, 1911, in accordance with the verdict of the jury he was sentenced to be imprisoned in the state penitentiary for a term of three years.

Briefly stated, the record discloses the following facts: E. M. Browers, a bachelor, desired to make a trip back to Indiana. His neighbor across the road was the defendant, John Kirk, and he left the key to his house with Kirk, during his absence, who had agreed to care for his stock. When he returned two of his horses were gone, and a saddle left in the house was gone. The lower sash of one of the windows was broken. He found one horse in the neighborhood, and the other at a sale barn in Hobart.

R. F. Graham testified: That he stole the horses and saddle in connection with the Howards, who were Kirk's kinfolks. That the Howards told him that Kirk had the horses in charge and it would be all right if they would split the proceeds with Kirk. That Kirk told them there was a $65 saddle in the house. That they went to the house at night, and Pete Howard broke the window with his pistol and went into the house and handed the saddle out to Gus Howard. That he turned one of the horses loose because it was sick and sold the other for $75. The saddle was found in Gus Howard's barn covered over with straw. There was some testimony that Jess Howard, Gus Howard's boy, rode a horse with this saddle to Kirk's place.

The defendant demurred to the evidence and moved the court to direct the jury to return a verdict of not guilty.

The only question that we deem necessary to discuss is the sufficiency of the evidence to sustain the conviction.

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof." (Section 5884, Rev. Laws 1910.)

In *Nichols v. State, ante,* 133 Pac. 256, it is said that the rule of law forbidding a conviction upon the testimony of an

accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, is, under the statute, positive and peremptory.

"The corroborative evidence must of itself, and without the aid of the testimony of the accomplice, tend in some degree to connect the defendant with the commission of the offense; and independent evidence merely consistent with the main story is not sufficient corroboration if it requires any part of the accomplice's testimony to make it tend to connect the defendant with the crime."

"It need not of itself be sufficient to establish his guilt."

"There must be some evidence, which of itself, and without aid from the accomplice's testimony, tends to connect the defendant with the offense committed."

"Evidence which merely shows that the testimony of the accomplice is consistent with the truth in regard to matters not essential, and unconnected with the body of the crime, is not corroboration."

"It is not sufficient corroboration to prove that the crime was committed in the manner described by the accomplice, but his testimony must be corroborated as to the particular defendant."

"It is not sufficient for this purpose merely to connect the defendant with the accomplice, or other person participating in the crime, but evidence, independent of the testimony of the accomplice, must tend to connect him with the crime itself, and not simply with its perpetrators."

"But the fact of being thus associated, together with other slight circumstances, thus connecting the defendant with the transaction, may afford sufficient corroboration."

"The corroborating evidence may be sufficient although by itself slight, but it is not sufficient if it merely tends to raise a suspicion of guilt." (1 Enc. of Ev. pp. 104, 105, 106, and 108, and cases cited.)

The accomplice, Graham, a confessed thief, and who admitted on the witness stand that he was a horse thief and a bank robber, that he had stolen a number of horses, and that he was then serving a term in the penitentiary for bank robbery, was the only witness who testified to the manner and circumstances of the commission of the crime charged. His testimony is corroborated by the testimony of other witnesses concerning the route he traveled in going to Hobart, where he sold one of

the stolen horses. He could have named any other man in Washita county as an associate in this crime, and yet be corroborated as to this circumstance. The only corroborating fact in evidence is that Gus Howard's boy was seen riding the stolen saddle going towards the defendant's place. It is not shown that the defendant was at home at the time, or that he met the boy while riding this saddle. Corroboration will not be sufficient if it tends merely to raise a suspicion as to the guilt of the accused, and, where the corroborating evidence is of such a slight, uncertain, and unsatisfactory character as not to warrant a reasonable inference of guilt, the trial court should not permit the verdict to stand.

It is our opinion that the testimony of the accomplice Graham was not corroborated as the law requires, and for this reason the verdict was contrary to the law and the evidence.

Wherefore the judgment of conviction is reversed.

ARMSTRONG, P. J., and FURMAN, J., concur.