## FLOYD CANTRELL v. STATE.

No. A-1850.   Opinion Filed November 15, 1913.

INTOXICATING LIQUORS—Sale—Accomplices. All persons who take part, participate, or engage in the commission of a crime are guilty as principals, and any person who acts as a messenger or agent of the buyer, in going after, purchasing, and bringing back intoxicating liquors is thereby aiding and assisting in the selling of such liquors, and may be prosecuted and convicted for such sale.

*Appeal from County Court, Stephens County;*
*W. H. Admire, Judge.*

Floyd Cantrell was convicted of selling intoxicating liquors, and appeals.   Affirmed.

*Wilkinson & Morris,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen. (*C. J. Davenport,* of counsel), for the State.

· DOYLE, J.   This appeal is prosecuted from a conviction had in the county court of Stephens county, on the 14th day of August, 1912, in which the defendant was found guilty of selling a pint of whisky on the 25th day of March, 1912, and his punishment assessed by a fine of $50 and imprisonment in the county jail for a period of 30 days.

Delmer Medley, the sole witness for the state, testified that he was at a dance at the home of the defendant's father, and there bought a pint of whisky from the defendant, paying him one dollar for the same.

As a witness in his own behalf the defendant testified that Medley came to him and told him he had 75 cents and he put in a quarter and went and bought the whisky from another party; that he did not know who he bought the whisky from.

The court instructed the jury in part as follows:

"Gentlemen of the jury, you are further instructed that in order to convict the defendant, you must believe from the evidence, beyond a reasonable doubt, that he was the seller of said whisky, or acted as aider and abetter of said seller."

The defendant requested the court to instruct the jury as follows:

"Gentlemen of the jury, you are instructed that the defendant in this case has a right as a defense to show that he furnished a portion of the money to purchase the whisky alleged, and if you believe from the evidence or have a reasonable doubt from the evidence that the defendant was interested in the purchase of said whisky by furnishing a portion of the purchase price, then your verdict should be not guilty."

The court very properly refused this requested instruction.

In *Buchanan v. State,* 4 Okla. Cr. 645, 112 Pac. 32, this court held that the law of agency as applied to civil cases has no application to criminal cases, and that no person can escape punishment when he participates in the commission of a crime, upon the ground that he simply acted as agent for another party, and that the person who acted as messenger in going after intoxicating liquors and bringing it back is an aider and abetter and therefore is a principal in the sale of such whisky.

In the case of *Lamm et al. v. State,* 4 Okla. Cr. 641, 111 Pac. 1002, the doctrine of the Buchanan case was reaffirmed. This is the only question presented. A careful examination of the whole case leads to the conclusion that no error was committed. The judgment is therefore affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.