# W. S. MOORE v. STATE.

No. A-2529.   Opinion Filed February 11, 1918.

(170 Pac. 519.)

1.   **TRIAL—Accomplice—Question for Jury.**  Where the evidence is conflicting as to whether or not a witness participated in committing the offense charged, the question as to whether or not such witness is an accomplice is one of fact for the jury, but where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice.

2.   **SAME—Instruction.**  Where the state relies upon the testimony of an accomplice to secure a conviction, the trial court, if requested, must instruct the jury that they cannot find the defendant guilty upon such evidence, unless it is corroborated by other evidence which tends to connect the defendant with the commission of the offense, and that the corroboration is insufficient if it merely show the commission of the offense or the circumstances thereof.

3.   **INTOXICATING LIQUORS—Sale to Minors—Evidence.**  In a prosecution for selling intoxicating liquor to minors, the evidence considered, and **held** to be insufficient to sustain the allegations of the information.

*Appeal from District Court, Washita County;*

*Thomas A. Edwards, Judge.*

W. S. Moore, was convicted of selling intoxicating liquor to a minor, and he appeals.  Reversed.

*Rutherford Brett* and *Richard A. Billups,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.  The plaintiff in error, hereinafter referred to as defendant, was convicted in the district court of Washita county on an information which, omitting mere formal parts, charges:

"That William S. Moore did, in Washita county and in the State of Oklahoma, on or about the 14th day of November, in the year of our Lord 1913 and anterior to the presentment hereof, commit the crime of unlawfully, willfully, and feloniously selling spirituous liquor, to minors in the manner and form as follows, to wit: Did then and there unlawfully, willfully, feloniously in one and the same transaction sell spirituous liquor, to wit, whisky, to William Young and Marvin Caldwell; said William Young and Marvin Caldwell then and there being minors under the age of 21 years of age, contrary to," etc.

The jury failed to agree upon the punishment. On the 2d day of March, 1915, judgment was rendered, and he was sentenced to serve a term of six months' imprisonment in the penitentiary. To reverse the judgment he prosecutes this appeal.

The errors assigned are in effect that the verdict is contrary to the law and the evidence, in that it is only supported by the uncorroborated testimony of a confessed accomplice; that the court erred in its rulings on the admission and rejection of evidence; that the court erred in the instructions given, and in refusing to give a requested instruction; that the court erred in overruling the defendant's demurrer to the evidence of the state.

Briefly stated, the evidence for the state is as follows: The prosecuting witness, Marvin Caldwell, testified that he was 21 years of age on the 23d day of January, 1914; that on the 14th day of November, 1913, he attended a dance at a vacant house owned by one Coon, in the southeast part of Washita county; that he with three or four other boys built a fire in the yard and then decided to get some whisky, and he with three others, including William Young, put in "two bits apiece"; that

he took the money and went into the house and bought a pint of whisky of J. O. Echols, paying him $1 for the same; that later they made up another dollar in the same way, including a quarter given to him by William Young, and he took the money and went to the west side of the house, where Echols and W. S. Moore were standing, and he "handed one of them the dollar, and the other handed him a pint of whisky; that he did not know which one it was." On cross-examination he stated that he was arrested for selling this whisky to William Young; that his uncle, Gip Miller, told him that if he would turn Will Moore he would get clear himself; that he would not say that Moore sold him any whisky, but "it was him or Echols one, but which one it was I don't know;" that Echols came to his place, and asked him if he was going to swear that he got the whisky from him, and he told him that he was the fellow he got the whisky from, and he guessed he would have to swear to it or take his shoes.

William Young testified that his age was 18 years; that he was at the dance; that he asked Marvin Caldwell if he knew where he could get some whisky, and he said he thought he did, and asked him to give him a quarter; that he gave him the quarter, and he went off; he then came back, and told him that he had put a pint bottle of whisky near the northwest corner of the house, and witness "went there and picked up the bottle and drank what he wanted and then set it back"; that the vacant house was in Washita county.

G. A. Young testified that he was the father of William Young, and he was 18 years of age March 16, 1914.

For the defense Gip Miller testified that Marvin Caldwell was his nephew; that after Marvin was arrested for

selling whisky to William Young he told Marvin that the county attorney had promised to dismiss the case if he would turn in Bill Moore.

The defendant as a witness in his own behalf testified that he was at the dance that night, and saw Marvin Caldwell there, that he did not take any whisky to the dance, and did not sell or give him any whisky, and did not receive any money from him, and did not see Caldwell and Echols together there; that Marvin Caldwell as a witness on the preliminary trial testified:

"I saw Will Moore that night, but Will did not sell me any whisky that night."

Among others, the court gave the following instruction:

"No 4. You are instructed that if you find and believe from the evidence beyond a reasonable doubt that Marvin Caldwell and William Young, either alone or with others, contributed money for the purchase of whisky at the time and place charged in the information, and that said money was delivered to Marvin Caldwell for the purpose of purchasing such whisky, and that the said Marvin Caldwell did then and there purchase whisky from the defendant, William S. Moore, or from William S. Moore and J. O. Echols acting together, and that any part of said whisky was delivered to the said Marvin Caldwell and William Young, then such transaction would constitute a sale from William S. Moore to Marvin Caldwell and William Young."

After a careful examination of the record the conclusion of the court is that conviction in this case cannot be permitted to stand. In the first place there was no testimony tending to show a sale by the defendant to the minor, William Young, and in this there was a fatal variance between the allegations of the information and the

proof. It was therefore, the duty of the court to advise the jury to acquit. It is apparent that the case was tried and submitted to the jury upon the erroneous theory that a sale by the defendant to Caldwell was in effect a sale to Caldwell and Young, by reason of the fact that Young had contributed a part of the purchase price, although there was no testimony tending to show that the defendant had any knowledge of the transactions between Caldwell and Young.

Upon the state's theory, counsel for the defendant requested the following instruction, which was denied and exception saved:

"Gentlemen of the jury, you are instructed that any person who acts as a purchaser or agent of the buyer in going after, bringing back, or purchasing intoxicating liquors is thereby aiding and assisting in the selling of such liquors, and thereby becomes what is termed in law an 'accomplice,' and you are further instructed in this connection that a conviction cannot be had upon the testimony of an accomplice, unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof, but must go further and tend to connect the defendant with the commission of said offense."

Upon the state's theory, the witness Caldwell was a confessed accomplice. In *Kendrick v. State,* 11 Okla. Cr. 380, 146 Pac. 727, this court held that:

"A person who acts as go-between in purchasing intoxicating liquor at an illegal sale thereof, and who thereby aids and abets in the consummation of the sale, is punishable as a principal offender under the statutes."

In *Cantrell v. State,* 10 Okla. Cr. 304, 135 Pac. 1158, this court held:

"All persons who take part, participate, or engage in the commission of a crime are guilty as principals, and any person who acts as a messenger or agent of the buyer, in going after, purchasing, and bringing back intoxicating liquors is thereby aiding and assisting in the sellng of such liquors, and may be prosecuted and convicted for such sale."

In *Fairgrieve v. State,* 10 Okla. Cr. 109, 134 Pac. 837, this court held:

"Where the state relies upon the testimony of an accomplice to secure a conviction, the trial court, if requested, must instruct the jury that they cannot find the defendant guilty upon such evidence, unless it is corroborated by other evidence which tends to connect the defendant with the commission of the offense, and that the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. See section 5884, Rev. Laws 1910."

We are of the opinion that under the state's theory of the case the defendant was entitled to have the requested instruction given. We deem it unnecessary to consider the other assignments. For the reasons stated, the judgment of the lower court is reversed.

ARMSTRONG and MATSON, JJ., concur.