## A. J. BLANKENSHIP v. STATE.

No. A-2946.   Opinion Filed August 31, 1918.

(174 Pac. 298.)

TRIAL—Instructions—Testimony of Accomplice. When the state uses the testimony of an accomplice to establish its case in chief, the trial court cannot rightfully refuse to charge the jury that they are prohibited by law from convicting the defendant upon this evidence unless it is corroborated by other testimony tending to connect the defendant with the commission of the offense.

*Appeal from County Court, Caddo County;*

*C. R. Johnston, Judge.*

A. J. Blankenship was convicted of violating the prohibitory law, and he appeals. Reversed and remanded, with directions.

*W. W. Vaughn*, for plaintiff in error.

*R. McMillan*, Asst. Atty. Gen., for the State.

ARMSTRONG, J. A. J. Blankenship was convicted at the November, 1916, term of the county court of Caddo county on a charge of unlawfully conveying intoxicating liquor from one place in Caddo county to another place therein, and his punishment fixed at a fine of $50 and imprisonment in the county jail of Caddo county for a period of 30 days.

The incriminating facts detailed by the witnesses for the state were related by an accomplice. No other witness testified to facts sufficient to support a judgment of conviction or to facts sufficient to connect the plaintiff in error with the commission of the offense. The court was requested on behalf of the plaintiff in error to give the following instruction:

"Gentlemen of the Jury: You are instructed that under the evidence in this case that the witness Chan Kunkel is an accomplice to the crime charged in the information, should you find a crime was so committed under the evidence, and in this connection you are instructed that the defendant, A. J. Blankenship, cannot be convicted upon the testimony of an accomplice unless the accomplice be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

This was refused, and no instruction covering the principle was given.

In *Fairgrieve v. State*, 10 Okla. Cr. 109, 134 Pac. 837, it is said:

"Whenever the state uses the testimony of an accomplice, the court has not the right or power to refuse to charge the law laid down in the statutes upon any material question. It matters not how anxious a jury may be to believe the testimony of an accomplice; they are prohibited by law from convicting a defendant upon such evidence unless it is corroborated by other testimony tending to connect the defendant with the commission of the offense; and such an instruction must be given, when requested in cases where the state relies upon such evidence."

It appears that the court overlooked the law and failed to give this instruction on a vital proposition in the case. Blankenship was apparently a man of some standing in his county, having been the Republican nominee for sheriff against the Democratic incumbent, who signed the complaint against him. There is nothing to indicate that he had anything to do with the intoxicating liquor in question outside of the testimony given by another person who was jointly charged with the crime, and who under his testimony and the law was an accomplice if his statements were true, to the effect that Blankenship helped bring the beer and whisky to the car. Blankenship denied this statement, and said he had nothing whatever to do with the transaction and was only a passenger in the automobile and had no control over it or over the whisky and beer. He contended that he was in the car only for the purpose of taking an intoxicated neighbor home. It therefore became essential for the court to give the instruction requested or one involving the principle of law applicable. The court having refused to give the requested instruction and having failed to give any other proper instruction covering this phase of the case, there is no alternative left

this court, but to reverse the judgment and remand the cause, with directions to grant a new trial, to be conducted according to law.

It is so ordered.

DOYLE, P. J., and MATSON, J., concur.