## BOB HANNA v. STATE.

No. A-5082.    Opinion Filed May 18, 1925.
(235 Pac. 928.)

(Syllabus.)

**Evidence—Accomplice Testimony—Corroborating of One Accomplice by Another Insufficient to Authorize Conviction.** Under Code of Criminal Procedure (section 2701, C. S. 1921), providing that "a conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof," one accomplice cannot corroborate another so as to authorize a conviction upon the testimony of the two accomplices alone.

Appeal from County Court, Ottawa County; Wm. M. Thomas, Judge.

Bob Hanna was convicted of selling intoxicating liquor, and he appeals. Reversed.

F. W. Church, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that the defendants Bob Hanna, Jim Montgomery, and Bill Edison did, in Ottawa county, on the 13th day of November, 1923, sell to Poly McAffery one pint of intoxicating liquor. The case was dismissed as to the defendants Jim Mont-

gomery and Bill Edison, and they testified as witnesses for the state.

On the trial of the defendant Bob Hanna, the jury returned a verdict finding him guilty as charged in the information and fixing his punishment at confinement for 90 days in the county jail, and a fine of $300. From the judgment rendered on the verdict, he appeals.

The undisputed facts are that on the date alleged, in Picher, Jim Montgomery, a taxi driver, had, as a fare, one Poly McAffery to the Black Hawk mine. Before leaving town McAffery requested Montgomery to get him some whisky; Montgomery drove around to a certain place where he found the defendant Bob Hanna; both Montgomery and McAffery told Hanna that they wanted to get whisky; Hanna told Montgomery that the boy had some; then they found Bill Edison and he went around into the alley, and was gone a few minutes, and returned with two half pint bottles of whiskey.

Edison got into the taxi, and during the drive Edison delivered the two bottles of whisky to McAffery, who paid Edison $3 for the same. Then they returned to the place from which they had started, and Edison and McAffery got out of the car.

Edison testified that Hanna was to give him 25 cents on every bottle of whiskey he sold for him.

The chief of police of Picher arrested Edison and McAffery on Columbus street, and found 2 half pint bottles of whisky on McAffery.

The Attorney General has filed a confession of error which we adopt as the opinion of the court:

"Plaintiff in error, Bob Hanna, in his brief sets up two assignments of error, one directed at the instructions, and the other, which we think is well taken, is that the evidence in this case was insufficient to sustain the verdict

of the jury and the judgment and sentence of the court, for the reason that the only evidence in the case, excepting that of Mr. Stout, was the testimony of Montgomery and Edison, and these two men were accomplices, and their testimony was uncorroborated by any evidence whatsoever, except by each other, and that as it is a rule of law in this state that a person cannot be convicted upon the uncorroborated testimony of accomplices, and that, as the only evidence in this case was the testimony of accomplices, that, therefore, the evidence was insufficient to sustain the verdict of the jury in this case.

"We will first cite the rules of law as determined by this court in this state, and then apply them to the facts in this case. Section 2701, C. O. S. 1921, provides as follows: 'A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof,'

"In the case of Buchanan v. State, 4 Okla. Cr. 645, 112 P. 32, 36 L. R. A. (N. S.) 83, 112 P. 32, this court held: 'All persons who take part, participate, or engage in an offense are guilty as principals. It is immaterial as to whether they have any interest in or receive any financial gain from the commission of such crime. The law of agency applied in civil cases has no application in criminal cases, and no man can escape punishment when he participates in the commission of a crime upon the ground that he simply acted as agent for any party. Any person who acts as a messenger or agent of the buyer in going after, purchasing, and bringing back prohibited liquors is thereby aiding and assisting in the sale of such liquors, and may be prosecuted and convicted for such sale.'

"In the case of Cantrell v. State, 10 Okla. Cr. 304, 135 P. 1158, this court said: 'All persons who take part, participate, or engage in the commission of a crime are guilty as principals, and any person who acts as a messenger or agent of the buyer, in going after, purchasing, and bringing back intoxicating liquors is thereby aiding and assisting in the selling of such liquors, and may be prosecuted and convicted for such sale.'

"In the case of Hendrix v. State, 8 Okla. Cr. 530, 129 P. 78, 43 L. R. A. (N. S.) 546, the court defines an accomplice as follows:    'One culpably implicated in the commission of the crime of which the defendant is accused; in other words, an associate, one who knowingly and voluntarily co-operates or aids or assists in the commission of the crime.'

"Under the rulings of this court and the evidence following it is clear that Montgomery was an accomplice the same as Edison.

"It is observed that under this testimony when Montgomery was asked by McAffery to get him some whisky that Montgomery did everything that he could possibly do to be considered acting in the nature of a go-between. He drove to Hanna's stand, talked to Hanna, then talked to Edison, made all of the arrangements, took Edison and McAffery out in his car for the purpose of permitting Edison to make a delivery and collect the money, and then returned them to Hanna's place.    Under the rulings of this court a go-between is an accomplice.    In this case the only evidence was that of the accomplices, and was not corroborated by any other evidence whatsoever. When the testimony of these two accomplices is excluded from this record, the only testimony or evidence remaining is that of the chief of police. Mr. Stout, who merely said that he saw the two men on Columbia street and found two half pint bottles of whisky on them, and that Hanna was arrested the next day.

"We therefore respectfully submit to this honorable court that the incriminating evidence against the plaintiff in error in this case was based upon the testimony of two accomplices which was not corroborated in any manner, and that therefore the evidence in this case was insufficient to sustain the verdict of the jury and the judgment and sentence of the trial court, wherefore, we respectfully submit this confession of error."

We are clearly of the opinion that the confession of error is well founded, and, for the reasons therein stated, the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.