## MACK HAMILTON v. STATE.

No. A-8298. April 23, 1932.
(10 Pac. [2d] 734.)

W. J. Hulsey, Lena Hulsey, Basil S. Null, and Bishop & Banta, for plaintiff in error.

J. Berry King, Atty Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Seminole county of forgery in the second degree, and his punishment fixed at a term of one year in the state penitentiary.

The information charges defendant jointly with two others, Sams and Hendricks. Each of these codefendants testified for the state, in substance, that defendant assisted them in the commission of the forgery charged. Defendant did not take the stand, and offered no testimony.

The record discloses that at about the time charged certain numbered draft blanks were taken from a Hartshorne bank, and that a protectograph was procured from another place by one of the codefendants, which was used on the blank drafts which were later filled out and signed in the name of the cashier of the Hartshorne bank. Several of them were passed. The charge is based upon one in the sum of $32.50 which was negotiated to the Broadway Service Station at Seminole in the purchase of two automobile casings and $14 in money. It is argued the court erred in overruling defendant's demurrer to the information on the ground of duplicity. This argument is directed to the allegation that:

"* * * Defendants * * * did then and there, willfully, unlawfully and feloniously forge, counterfeit and falsely make a check or draft purporting to be made by O. O. Dollins, cashier of Hartshorne National Bank, * * * which said forged false and counterfeited check or draft is in words and figures, as follows:

" 'Hartshorne National Bank, Hartshorne, Okla. Feb. 21, 1931.

" 'Pay to the Order of C. W. Carter $32.50, Exactly Thirty Two Dollars Fifty Cents. . . . Dollars. To the First National Bank & Trust Co. Oklahoma City, Oklahoma            " 'O. O. Dollins,'

—and which said check or draft the said Vernon E. Sams, Clarence Hendricks and Max Hamilton did willfully, unlawfully and feloniously forge, counterfeit, pass and utter," etc.

The argument is that the defendant cannot determine if he is prosecuted for the forging, counterfeiting, passing, and uttering a check of the bank, or a check of the cashier, Dollins; citing Wishard v. State, 5 Okla. Cr. 610, 115 Pac. 796. This argument is without merit. Defendant is apprised the exact words of the particular instrument he is charged with having forged, and he knows as well as the state whether it is the check of the banking corporation or of O. O. Dollins. Under this assignment defendant also argues that the information is duplicitous in charging the making, passing, counterfeiting, and uttering of the check; citing Wells v. Territory, 1 Okla. Cr. 469, 98 Pac. 483. The statute has not defined any crime in the mere making of an instrument such as is pleaded in the information. The possession of such instrument is a crime (section 2079, Comp. St. 1921), as is also the selling, exchanging, or delivering of such instrument with intent to have the same uttered or passed (section 2078, Comp. St. 1921), under which section the information here is drawn.

The pleader evidently intended to charge defendant and his codefendants with one continuous crime of forgery in selling the draft alleged with the felonious intent to defraud. 12 R. C. L. 159, § 22 f; 22 C. J. 956, § 112. The allegation of making is merely a part of the entire transaction. The instructions of the court in No. 3 defines to the jury verbatim the offense defined by section 2079, and not the offense defined by section 2078. No exception was taken to the charge, and no request made for any additional charge.

The contention is made that there is no sufficient corroboration of the testimony of the accomplices Sams and Hendricks, as required by section 2701, Comp. St. 1921. The witness Sams admitted his guilt; he testified he procured the check protectograph with which the amounts were stamped on the check or draft, and that he wrote out the check, and that defendant was not present. He further admitted he had pleaded guilty of embezzlement upon another charge not connected with these checks, and was under sentence to serve a term in the penitentiary. The witness Hendricks testified he was 53 years old; that he had served five terms in the penitentiary, two at Leavenworth and three in the state penitentiary; that he had been a narcotic addict for 15 or 16 years; and that it had been 20 years since he had followed any honest occupation. The corroboration consists of testimony that defendant was in the customers' vault of the Hartshorne bank a few days prior to the time these draft blanks were missing; that blank drafts such as were used in the forgery were in the vault where defendant could have procured them. It was shown that other patrons of the bank with lock boxes had access to this vault. Other testimony claimed as corroboration is that, about three days after Hendricks had negotiated this draft by buying certain tires and receiv-

ing the difference in cash, defendant in a car came to this filling station. Hendricks was there and asked to ride with him; defendant consented, and Hendricks put the tires in defendant's car and left with him. This is the only testimony tending to corroborate Sams and Hendricks. This testimony creates a strong suspicion, because it shows opportunity for defendant to have aided or abetted or to have profited from the proceeds of the crime. The circumstances proven are too remote. This testimony is insufficient corroboration under the requirement of the statute and many decisions of this court. Kirk v. State, 10 Okla. Cr. 281, 135 Pac. 1156; Wever v. State, 22 Okla. Cr. 414, 211 Pac. 1062; Livingston v. State, 29 Okla. Cr. 247, 233 Pac. 235; Underhill, Crim. Ev. (3d Ed.) p. 161, § 130.

Several other matters are argued in the briefs, but, since the case must be reversed for insufficient corroboration, it is not necessary to discuss them.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur.