## H. S. CAPPS v. STATE.

No. A-8717.  April 19, 1935.
(44 Pac. [2d] 151.)

Ed Crossland, Frank Hickman, Will J. Ealy, and W. C. Peters, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J.  Plaintiff in error, hereinafter called defendant, was convicted in district court, Tulsa county, of arson and his punishment fixed at eighteen months in the penitentiary.

On the date charged a dwelling house in Tulsa, belonging to a Mrs. Craft, was destroyed by fire.  Defendant had acted as the agent of Mrs. Craft on different occasions and they had life insurance policies payable to each other.  The state seeks to show that defendant procured one Arthur Clark to burn the house.  Millard Green testified defendant told him he had a fire job he wanted done and asked him if he could get some one to do it.

Green approached Clark with the proposition and the two agreed to burn the building for $100. They then bought some kerosene, went to the house and prepared to set the fire. At this point Green became alarmed, so they decided not to set the fire that night. Green had nothing further to do with it. Clark and his wife testified, in substance, that Clark went to his home, procured his wife to assist, and the two returned to the house the following night with a mixture of kerosene, and removed some of the furniture which they placed in their car and Clark set fire to the house. Mrs. Green testified defendant came to their house twice, but she knew nothing about the transactions.

The defendant sought to prove alibi and good character. The alibi witnesses testified in effect that defendant did not leave his home on the day of the negotiations at another place, as testified to by the state's witnesses.

At the close of the state's case, defendant demurred on the ground that there was no corroboration of the accomplices.

Section 3071, Okla. St. 1931, provides:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

In Nichols v. State, 10 Okla. Cr. 12, 133 P. 256, it is said:

"To allow a conviction to stand upon the testimony of an accomplice not corroborated by any other evidence tending to connect the defendant with the commission of the offense would be in direct violation both of the letter

and spirit of section 5884, Rev. Laws 1910, Procedure Criminal."

In Kirk v. State, 10 Okla. Cr. 281, 135 P. 1156, it is held:

"There cannot be a conviction unless there is proof of substantial facts tending to connect the defendant with the commission of the offense aside from and without the aid of the accomplice testimony."

Many cases state this general rule.

One accomplice cannot corroborate another. Cudjoe v. State, 12 Okla. Cr. 246, 154 Pac. 500, L. R. A. 1916F, 1251; Hanna v. State, 30 Okla. Cr. 354, 235 Pac. 928. Clark, Mrs. Clark, and Green are accomplices. There is no evidence in this case tending to connect defendant with the commission of the offense other than their testimony. Since there is a lack of corroboration as required by law, the evidence is insufficient to sustain the verdict. The case is reversed.

DAVENPORT, P. J., and DOYLE, J., concur.