Kenneth **RIDER** and Daryl Parker, Plaintiffs in Error,

v.

The **STATE** of Oklahoma, Defend-
ant in Error.

No. A–16033.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1972.

Raymond Stith, Fairfax, for plaintiffs in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for defendant in error.

BRETT, Judge:

Plaintiffs in Error, Kenneth Rider and Daryl Parker, hereafter referred to as defendants, were convicted by a jury verdict in the District Court of Osage County, case no. CRF 69–677, with the crime of Burglary in the Second Degree, and punishment was fixed at five (5) years imprisonment. Judgment and sentence was imposed on Defendant Parker on April 7, 1970, and judgment and sentence was imposed on Defendant Rider on April 10, 1970, and from said judgments this appeal has been perfected.

Specifically, it was charged that Defendant Rider and Defendant Parker and Alvin Darnell Mayberry, while acting in consert, burglarized the Frazier Auto Supply in Hominy, Osage County, on October 9, 1969, removing five (5) automatic shotguns without the consent of the owner. The evidence establishes that in the early morning hours of October 9, 1969, a window was broken out of the Frazier Auto Supply and five (5) shotguns removed from the premises without permission of the owner. Herman Frazier, owner of the store, upon being notified by a policeman that his store had been broken into, examined the premises

and found the shotguns to be missing. Mr. Frazier identified State's Exhibits 1 through 5 as the five shotguns taken from his store.

Cleet Hunt, a policeman in Cleveland, Oklahoma, testified that at approximately 2:30 A. M. on October 9, 1969, he assisted Defendants Parker and Rider and Mayberry, whose car was stalled in Cleveland. While Hunt was assisting in repair of the car, one of the defendants asked Hunt the directions to Broken Arrow, Oklahoma, mentioning that he and his companions were from Kansas. Upon noticing that the defendants' vehicle displayed Oklahoma license plates, doubts were raised in Hunt's mind concerning the defendants' veracity. After completing his patrol duty, Officer Hunt then contacted his dispatcher, who notified Manford and Sand Springs, Oklahoma, regarding the defendants.

Jim Bernard, Sand Springs Police Officer, testified that at approximately 3:00 A. M. on the morning of October 9, 1969, he arrested the defendants and Mayberry for the commission of a traffic violation. The defendants and Mayberry were jailed and the vehicle, a 1954 Chevrolet, was impounded by the police. Subsequently, after the Chevrolet had been taken to a salvage yard, it was searched by an Osage County Deputy Sheriff and the five (5) shotguns, State's Exhibits 1 through 5, were recovered from the trunk of the vehicle.

Alvin Darnell Mayberry testified that he was well acquainted with the defendants Rider and Parker, that all three had been in school together, and that he was with them on the evening of October 8, 1969, in the Rose Room in Tulsa, Oklahoma. The three left the club and in Mayberry's car headed toward Hominy, Oklahoma. Upon their arrival in Hominy, Mayberry testified that he parked his automobile behind "a garage or some kind of building." Mayberry remained in the vehicle and the defendants left, disappearing from his sight. Some twenty minutes later defendants returned, carrying the guns. Unable to open the trunk, defendant Parker pulled out the backseat cushion and placed the guns in the trunk through the backseat partition. The three then drove away, heading toward Tulsa, but had car trouble in Cleveland. Mayberry's testimony was consistent with that of Officer Hunt regarding the repair of the car in Cleveland. After the car was repaired the three proceeded to Sand Springs, Oklahoma, where they were arrested as described by Officer Bernard.

For the defense, Defendant Parker testified that it was at Mayberry's suggestion that he and Defendant Rider left the Rose Room Club at Tulsa. Parker stated that after they got into the vehicle he fell asleep and did not awaken until the car stalled in Cleveland. After Officer Hunt assisted in the repair of the vehicle, Parker testified that Mayberry drove the vehicle into Sand Springs where they were stopped by the police for a traffic violation. Defendant denied knowing anything about the guns until they were mentioned by Mayberry while at the Sand Springs Police Department.

■ It is defendants' first contention that the trial court erred in admitting into evidence the guns taken from the trunk of the automobile which defendants occupied at the time of their arrest. The record indicates that there was no motion to suppress this evidence filed prior to trial or at the beginning of the trial, and that defendant made no objection to the admission of the guns on the grounds that they were the fruits of an illegal search and seizure. Accordingly, we find that the defendants have waived any error in this regard. It is a well established rule in this jurisdiction that an objection to evidence allegedly obtained by illegal search and seizure must be interposed at the first opportunity and should be made either at the beginning of a trial by motion to suppress evidence, or in the course of examination as soon as it becomes apparent that the State will rely thereupon, and defendant failing to make timely objections waives the right to be heard on such question. English v. State, Okl.Cr., 462 P.2d

275 (1969). Martinez v. State, Okl.Cr., 453 P.2d 304 (1969).

It is defendants' second contention that the testimony of Alvin Darnell Mayberry, a co-defendant and accomplice, was uncorroborated, and therefore insufficient to prove the crime charged. Accordingly, the defendants argue that the evidence was insufficient and that the trial court erred in overruling defendants' demurrer. By statute, 22 O.S. 1971, § 742, a conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

■ As to the adequacy of the corroborative evidence, this Court has held, that the corroborative evidence must of itself, and without the aid of the testimony of the accomplice, tend in some degree to connect the defendant with the commission of the offense; and independent evidence merely consistent with the main story is not sufficient to corroborate if it requires any part of the accomplice's testimony to make it tend to connect the defendant with the crime. Such evidence need not of itself be sufficient to establish defendant's guilt, but there must be some evidence independent of the accomplice's testimony, which tends to connect the defendant with the offense committed. Further, the evidence independent of the testimony of the accomplice must tend to connect defendant with the crime itself, and not simply with its perpetrators. The corroborating evidence may be sufficient, although by itself slight, but it is not sufficient if it merely tends to raise a suspicion of guilt. Kirk v. State, 10 Okl.Cr. 281, 135 P. 1156 (1913). The accomplice's testimony need not be corroborated in detail, but testimony of accomplice must be corroborated by such other evidence of material parts of his testimony as will tend to connect the defendant with commission of the offense.

Sanders v. State, Okl.Cr., 341 P.2d 643 (1959).

■ Assuming that Mayberry was an accomplice, we find from the record that there was evidence independent from Mayberry's testimony which connects defendants with the commission of the offense. First, the evidence established that the stolen guns were found in the automobile occupied by all of the defendants. This is evidence, independent of the accomplice's testimony, tending to connect the defendants with the commission of the crime charged. Furthermore, the Witness Hunt, a Cleveland, Oklahoma Policeman, corroborated Mayberry to the effect that he assisted the defendants' stalled vehicle at approximately 2:30 A.M. Still further, Officer Bernard, Sand Springs Policeman, also corroborated the accomplice's testimony with regard to their arrest for a traffic violation at approximately 3:00 A. M. in Sand Springs. We are therefore of the opinion that there was sufficient evidence independent of the accomplice's testimony to connect the defendants with the crime.

It is defendants' third and final proposition that Defendants Rider and Parker were represented as the principals in the commission of the crime while Mayberry was represented as "only slightly guilty" of the crime charged. Defendants argue that it was prejudical for the prosecutor to impress upon the jury that Mayberry was "a Johnny come lately," thereby bolstering his credibility. Defendants cite no authority in support of this proposition, and fail to designate the precise error committed by the trial court in this regard.

■ It is a well established rule in this Court that it is necessary for counsel for plaintiff in error not only to assert error, but to support his contention by both argument and the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, the Court will not search the books for authorities to support the mere assertion that the trial court

has erred. Collins v. State, Okl.Cr., 407 P.2d 609 (1965). Sandefur v. State, Okl. Cr., 461 P.2d 954 (1969).

Defendants argue that Mayberry should have been seated at the counsel table with the defendants throughout the trial. However, we note that Mayberry was severed from Defendants Parker and Rider, and that Mayberry waived trial by jury with his case rescheduled for a later date. We find no error or prejudice in the absence of Mayberry from the counsel table during defendants' trial. Furthermore, every defendant jointly indicted or informed against is charged, under the statute, with notice that the state may, if it so desires, use a codefendant as a witness against him. Paschall v. State, 96 Okl.Cr. 198, 252 P.2d 175 (1952). Accordingly, we reject defendants' final contention as being without merit.

Therefore, having considered each of the defendants' propositions and finding them to be without merit, we conclude that the judgment and sentence should be, and the same is hereby, affirmed.

BUSSEY, P. J., and SIMMS, J., concur.