Truman **SIZEMORE**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17794.

Court of Criminal Appeals of Oklahoma.

March 13, 1973.

Steve Stack, Chickasha, for appellant.

Larry Derryberry, Atty. Gen., and Fred H. Anderson, Asst. Atty. Gen., and Robert Dennis, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Truman Sizemore, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Grady County, Oklahoma, for the offense of Second Degree Burglary. He was sentenced to two (2) years in the State Penitentiary, and from said judgment and sentence, a timely appeal has been perfected to this Court.

The evidence at trial shows defendant and George Sumpter were driving upon Oklahoma Highway 19 on February 18, 1972, in a car owned by Mr. Sumpter. The two decided to stop at the residence of a Mr. Joe Gray which is near that highway. Shortly thereafter, Mr. Gray returned to his home and found an unidentified car in his driveway. Upon arriving, about 10:00 P.M., Mr. Gray saw one of the men try to back the car out of the driveway as the other man ran around the corner of the house. There was some conflict as to how far away Mr. Gray was when he saw the man flee, but he testified that he was able to see him because of his car lights and some outdoor vapor lights. Mr. Gray testified that defendant was the man he saw. He also was able to pick the defendant out of a photographic line-up later. After calling the Sheriff's office, Mr. Gray had a conversation with George Sumpter, who showed him where the stolen goods were and told him who the man with him was. Later that night, defendant was arrested and taken to jail.

The defendant did not testify on his own behalf; however, the accomplice, George Sumpter, testified that defendant went into the house and returned with some record albums, guns, and "stuff". He also testified that earlier that day he had purchased a pair of gloves for the defendant.

The police investigation revealed that the guns had gloveprints on them. There also were footprints on a back door used to enter the house which appeared to match defendant's shoes.

■ Defendant's first contention is that the conviction was based solely upon uncorroborated testimony of an accomplice. This contention is without merit.

Title 22 O.S.1971, § 742 states:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show[s] the commission of the offense or the circumstances thereof."

Defendant bases his contention on this statute, however, this Court has often held that the corroborating testimony need not directly connect the accused with the commission of the crime, and that it is sufficient, although circumstantial, if such evidence tends to connect him with its commission. Blumhoff v. State, 72 Okl.Cr. 339, 116 P.2d 212 (1941).

In Rider v. State, Okl.Cr., 494 P.2d 347 (1972), this Court held:

"As to the adequacy of the corroborative evidence, this Court has held, that the corroborative evidence must of itself, and without the aid of the testimony of the accomplice, tend in some degree to connect the defendant with the commission of the offense; and independent evidence merely consistent with the main story is not sufficient to corroborate if it requires any part of the accomplice's testimony to make it tend to connect the defendant with the crime. Such evidence need not of itself be sufficient to establish defendant's guilt, but there must be some evidence independent of the accomplice's testimony, which tends to connect the defendant with the offense committed. Further, the evidence independent of the testimony of the accomplice must tend to connect defendant with the crime itself, and not simply with its perpetrators. The corroborating evidence may be sufficient, although by

itself slight, but it is not sufficient if it merely tends to raise a suspicion of guilt. Kirk v. State, 10 Okl.Cr. 281, 135 P. 1156 (1913). The accomplice's testimony need not be corroborated in detail, but testimony of accomplice must be corroborated by such other evidence of material parts of his testimony as will tend to connect the defendant with commission of the offense. Sanders v. State, Okl. Cr., 341 P.2d 643 (1959)."

In the case at bar, there was evidence that corroborated the accomplice's testimony on several material facts. The accomplice testified that the defendant was the person with him the night in question, and this was corroborated by Joe Gray's in-court identification of the defendant. However, counsel for the defendant contends that this identification does not meet the test espoused in the above mentioned *Rider* case. *Rider* requires evidence independent of the accomplice's testimony, and counsel argues that because of the conversation between Joe Gray and George Sumpter at the scene of the crime in which George Sumpter stated that defendant was the man with him, the evidence was not sufficiently independent of the accomplice's testimony to be adequate corroboration.

With this contention we cannot agree, but even if the evidence is not sufficiently independent, there is other corroborating evidence which is sufficient. Mr. Gray not only made the in-court identification, but prior to trial he was able to pick defendant's picture out of a photographic lineup. Next, there was testimony by the accomplice that he had purchased gloves for the defendant in the day and this was corroborated by the deputy sheriff's testimony that gloveprints were found on the stolen guns. Finally, there were shoeprints on the door which was broken into that did not fit the accomplice's shoes, but were similar to the shoes defendant was wearing.

In Sanders v. State, Okl.Cr., 341 P.2d 643 (1959), this Court stated:

"Where the sufficiency of the evidence to corroborate an accomplice is challenged, [Court of Criminal Appeals] will take the strongest view of the corroborating testimony that such testimony will warrant, and, if it can say that there is corroborating evidence tending to connect the defendant with the commission of the offense, it will uphold the verdict."

In line with that case, and the other cases cited, it is clear that the accomplice's testimony was corroborated by sufficient evidence to connect defendant with the crime, and therefore defendant's contention cannot be sustained.

■ Defendant's next contention is that statements made by the prosecuting attorney during closing argument were so improper, prejudicial, irrelevant, and inflammatory that defendant's rights were substantially and materially affected.

In his closing argument, the prosecuting attorney stated:

"You have all read the paper, scoffed about crime, wanted something done about it. We all do. We have done our part. We have presented the evidence for you fairly here today. If based upon this evidence, a man can go free, the next time you read a paper and scoff about crime in the street, don't wonder why.

"Mr. Allen: Your Honor we object to that line . . .

"The Court: I will sustain the objection.

"Mr. Allen: It is totally irrelevant; highly prejudicial.

"The Court: The jury will disregard the statement of counsel."

This language is clearly reprehensible, and should not be used. In Watson v. State, 7 Okl.Cr. 590, 124 P. 1101, 1106 (1912), the Court stated:

"To convict and punish a person through the influence of prejudice and caprice is as pernicious in its consequences as the escape of a guilty man. The forms of law should never be prostituted to such a purpose."

Counsel for defendant makes much cogent argument and cites much authority

showing that the prosecution's statements were improper, and, with this we must agree. However, after carefully searching the record it is difficult to say that the defendant was prejudiced so as to require a reversal. This Court has held many times that only when argument by counsel for the state is grossly improper and clearly prejudicial will the conviction be set aside. Turpen v. State, 89 Okl.Cr. 6, 204 P.2d 298.

In the case at bar, there was much competent evidence from which the jury based their verdict. They were admonished not to consider the remarks and in viewing the verdict it seems clear the remarks were not considered. The maximum penalty prescribed by law for Burglary in the Second Degree is seven (7) years in the State Penitentiary, and the minimum is two (2) years in the State Penitentiary. The verdict in this case was two (2) years, which is the minimum the defendant could have received so prejudice is in no way indicated.

For the above mentioned reasons, the verdict and sentence of the trial court is affirmed.

BRETT, and BUSSEY, JJ., concur.