Ronald EDWARDS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17898.

Court of Criminal Appeals of Oklahoma.

June 13, 1973.

As Corrected June 22, 1973.

Ronald Edwards, pro se.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Ronald Edwards, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Pottawatomie County, for the offense of Burglary Second Degree, Case No. CRF–72–30. His punishment was fixed at three (3) years in the State Penitentiary. From said judgment and sentence, a timely appeal has been perfected to this Court.

Upon motion of this Court this opinion is submitted for decision under amended Rule 1.9 of this Court, effective March 29, 1973.

At the trial, Robert Douglas Mayo testified that he was an Auxiliary Police Officer for the City of Tecumseh, Oklahoma. On January 17, 1972, at approximately 11:50 p. m. he left his position at the desk of the Tecumseh Police Station and was taking a friend home. While en route to the friend's house, they passed Pratts' Grocery Store and he noticed a man bent over in a trunk of a car which was parked on the south side of Pratts' Grocery Store. Believing someone was having car trouble, witness Mayo pulled over to give assistance and as his light shone into the trunk he observed several boxes in the trunk. The man standing at the rear of the car got into the car and drove off with the trunk open. Thereafter, the car was stopped and after observing cigarettes in the trunk, the driver was asked where he got the cigarettes. The driver replied "at the store" and pointed towards Pratts. The driver was asked if he took the cigarettes all by himself and he replied, "No, me and my buddies."

LeRoy Luna next testified that he was a Police Officer for the City of Tecumseh, Oklahoma. On January 17, 1972, he was patroling in the 200 block of south Broadway when he observed two cars coming around the block in front of him in a reckless manner. He observed that one car was being driven by Auxiliary Officer Mayo. He then took pursuit of the vehicle with the trunk open and aided Auxiliary Officer Mayo in stopping the vehicle. The driver related to him that his two buddies, who were still in the store, were Larry D. Shelton, his brother-in-law, and a boy by the name of Ronald. Thereafter, the driver was arrested and the automobile impounded. Officer Luna then investigated the store finding that the front door had been pried open, but finding no one inside.

Jerry Austin, Store Manager of Pratts' Grocery Store, testified that he checked the store and ascertained that approximately ninety-six cartons of cigarettes were missing.

Ollie Edwards, father of the defendant, testified that he purchased the automobile used in the burglary for his son, the defendant, but he, the father, was paying for the car.

Kenneth Sanders, Assistant Vice President of Grant Square Bank, located in Oklahoma City, Oklahoma, testified that the owners of a 1969 Oldsmobile bearing the same tag number and description as the vehicle used in the burglary was owned by Ollie and Ronald Edwards, subject to the mortgage held by Grant Square Bank.

Cecil Cole testified he was arrested on January 17, 1972, in Tecumseh, Oklahoma, for burglarizing Pratts' store on that night. He further testified that the defendant, one Larry Shelton, and himself left Oklahoma City in the defendant's car and drove to Tecumseh. Upon driving by Pratts' Grocery Store they decided to go in and he and Shelton first tried to open the door but

could not get it open. He returned to the car and the defendant got out of the car and went with Shelton to open the door. When he, defendant, saw the car lights, he drove off and was thereafter arrested.

The defendant presented evidence of an alibi through the testimony of his common-law wife to the effect that he was home with her on the night in question and that he had loaned his car to Cecil Cole on that night.

Numerous errors are alleged in defendant's Petition in Error; only two do we deem meritorious enough to warrant discussion.

■ First the defendant contends that he was prejudiced in that one of the jurors was a brother of a Shawnee Police Officer, which was known to the District Attorney, but not known to the defendant.

The record before this Court does not contain the examination of the jurors on their voir dire, therefore, this Court cannot say what questions were asked of the jurors or what answers the jurors gave when examined as to their qualifications. Therefore, as far as the record shows no objection was made by defendant as to the juror's qualification to sit as a juror in this case.

In the case of Roberson v. State, Okl. Cr., 456 P.2d 595 (1968), this Court held in paragraph 7 of the Syllabus:

"It is the duty of defendant to question jurors on their voir dire as to their qualifications, and if he fails to do so, he waives any objection on that point, even though disqualification is unknown to him until after rendition of verdict."

We therefore find no merit in this proposition.

■ The defendant next contends that the testimony of the accomplice was not sufficiently corroborated.

In the case of Nation v. State, Okl.Cr., 478 P.2d 974 (1971), this Court held in paragraph 4 of the Syllabus:

"If the accomplice is corroborated as to one material fact, or facts, by independ-

ent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all."

Also, see Sizemore v. State, Okl.Cr., 507 P.2d 1330 (1973).

In the instant case we believe there was sufficient corroboration of the accomplice's testimony and therefore find no merit to this proposition.

Having reviewed the record and finding no fundamental error, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BUSSEY and BRETT, JJ., concur.