## STATE v. KRUSE.

In a trial for adultery, evidence of complaining witness held sufficiently corroborated under Code Cr. Proc. § 364, providing that a conviction cannot be had on the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect defendant with the commission of the offense.

In a prosecution for adultery, alleged to have been committed about the 10th or 12th of May, certain affidavits and jurats contained in assessment books, and made on such dates by defendant as assessor, and a check given by him for merchandise, were inadmissible to show defendant's whereabouts on such dates, being self-serving.

In a prosecution for adultery alleged to have been committed about the 10th or 12th of May, entries in an account book dated May 10th, 11th, and 12th, made by a merchant from whom defendant purchased goods, were inadmissible to show defendant's whereabouts on such dates, being hearsay.

In a trial for adultery alleged to have been committeed about the 10th or 12th of May, certain affidavits and jurats contained in assessment books and made by defendant as assessor, and a check given by defendant and contents of a store account bearing dates May 10th, 11th, and 12th, made by a merchant from whom defendant made purchases, were inadmissible to show defendant's whereabouts, since it would not be presumed that the commission of the offense occupied the whole of those days, or incapacitated defendant from attending to his ordinary business affairs.

(Opinion filed, Oct. 6, 1909.)

Appeal from Circuit Court, Sanborn County. Hon. FRANK B. SMITH, Judge.

Frederick W. Kruse was convicted of adultery, and appeals. Affirmed.

*T. H. Null,* for appellant. *S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen.,* and *John T. Kean, State's Atty.,* for the State.

McCOY, J. Defendant was convicted of the crime of adultery, committed with an adopted daughter, Dora Kruse. There are but two questions urged by appellant for a reversal of the judgment. First, it is contended that the evidence of Dora Kruse, the complaining witness, is not corroborated, as required by section 364, Code Cr. Proc. It appears from the record that defendant is a married man, with wife and a number of children, and that complaining witness resided with the family on a farm in Sanborn county. Complaining witness testified that about the 10th or 12th of May, 1906, one afternoon in the barn, she and defendant had sexual intercourse; that she and defendant had sexual intercourse on many other occasions prior thereto; that on the 15th day of February, 1907, she was delivered of a child at Sioux City, Iowa; that in September, 1906, after it was discovered that she was pregnant, defendant sent her to Sioux Cty, bought her a ticket, and gave her money to pay expenses. It also appears from the record that defendant was arrested at Huron, Beadle county, by one J. W. Boyle, deputy sheriff, and that Boyle testified: "When I arrested him, I walked into the barn. I told him he was under arrest, and he said all right, and we started up town towards the courthouse, and he said, 'I suppose I will go to the pen,' and I said, 'What have you been doing?' and he said, 'I suppose you know all about it?' and I said, 'No; I don't know anything about it.' He then said he had been fooling with the hired girl, and that she had a baby, and that she was down at Sioux City, that his wife had gone down there and found it out, he thought best to tell her all about it, and that she might have fixed it up and not caused all the trouble." S. A. Wise, sheriff of Sanborn county, testified: "I had a conversation with the defendant on the way from Huron, when he was in my custody. He said that, when he left home the night before, he told his children he was going away never to come back again. He said he saw the girl at Woonsocket, and knew something was up and went to Huron for a lawyer." This testimony is sufficient corroboration to satisfy the requirements of section 364, Code Cr. Proc. State v. Mungeon, 20 S. D. 612, 108 N. W. 522; State v. Hicks, 6 S. D. 325, 60 N. W. 66.

The defendant on the trial offered in evidence certain affidavits and jurats thereto contained in certain assessment books, and a check and contents of a store account, bearing dates May 10, 11,, and 12, 1906. The affidavits and jurats were made by defendant as assessor, and the entries in the account book were made by the merchant from whom defendant made purchases on said date. The offer was objected to by the state on the ground that they were immaterial, irrelevant, hearsay, and not the best evidence. The court sustained the objection, and defendant excepted, and now urges the exclusion of this evidence as error. We are of the opinion that the learned trial court was correct in the rulings. The affidavits and jurats and check were self-serving and immaterial. The account books were immaterial and hearsay. Testimony of this character would have no tendency to prove or disprove any fact or issue in the case, neither would it have a tendency to corroborate, contradict, or discredit the testimony of any witness. It cannot be presumed that the act of sexual intercourse complained of occupied the whole of the time the 10th, 11th, and 12th days of May, 1906, or that it incapacitated or prevented defendant from attending to his ordinary business affairs, in the vicinity where he resided, during those days.

Careful consideration of the entire record reveals no reversible error, and the judgment of the circuit court is affirmed.