STATE, Respondent, v. GEORGE, Appellant.

(165 N. W. 248.)

(File No. 4199.   Opinion filed December 4, 1917.)

1.   **Criminal Law—Larceny of Cattle—Stolen Property, Possession of—Accomplice, Corroboration of—Corroboration as Connecting Defendant With Offense—Statute.**

Under Code Cr. Proc., Sec. 364, providing that a conviction cannot be had upon uncorroborated testimony of an accomplice

33—Vol. 39, S. D.

unless corroborated by such other evidence as tends to connect defendant with commission of the offense, held, that on a trial for larceny of cattle, where an accomplice testified to a conspiracy whereunder he and a third party were to asport the cattle and then turn them over to defendant for disposition, that such conspiracy was carried out, and defendant admitted that, within less than a week from time the cattle were stolen, he came into actual physical possession of 13 of the 18 head stolen; it further appearing that he described to one of the owners the remaining 5 cattle, and that one of them was found at a considerable distance from place of the taking and at a place close to where defendant disposed of the 13 head; and further, there being ample corroborative proof under the rule laid down in State v. Brandell, 26 S. D. 642, 129 N. W. 242, concerning the corpus delicti, there was ample corroboration, even in the face of defendant's contention that his possession of the 13 head was not in itself sufficient corroboration because such possession was shown not to date back to time of taking.

2. Same—Accomplice, Corroboration of—Defendant's Description of Part of Cattle, Competency.

Testimony of a state's witness in rebuttal, that defendant described to one of the owners 5 of 18 head of alleged stolen cattle, which 5 defendant did not admit having had possession of, was admissible to impeach certain testimony of defendant, and as tending to show fact of his knowledge concerning the other 13 head.

3. Same—Larceny of Cattle—Evidence—State's Evidence, re Locus of Defendant, Competency—Defendant Taking Witness Stand, Effect, re Error.

In a prosecution for larceny of cattle, held, that testimony of state's witness concerning a conversation with defendant at a certain time in relation to what he was doing in the vicinity, that "he said that it was his first trip out from the pen," was incompetent, and trial court should have cautioned jury not to consider same. Held, further, however, that, defendant having gone upon the witness stand in his own behalf, and therefore it would have been competent for the state afterward to have offered evidence showing he had been in states prison, such error of trial court in not taking said evidence from jury was cured by appellant's taking witness stand.

4. Criminal Law—New Trial—Error—Exception, Failure to Preserve—Circuit Court Rule That Rulings Deemed Excepted to, Effect, In Preparing Record—Necessity of Noting Exception In—Waiver of Exception.

Although circuit court rule 24 provides that every ruling made by trial court in course of a trial is deemed excepted to by the party against whom made, held, that since such rule

was established to expedite trial of causes; and it further requires stenographer in preparing transcript to note an exception to each rule, and allowance of exception, the rule was not intended to make unnecessary the saving of exceptions for purpose of application for new trial and for appeal, but it is still necessary for a party feeling himself aggrieved to see to it that in the settled record exceptions are noted, otherwise trial court and the supreme court will presume that exception was waived.

Appeal from Circuit Court, Stanley County. Hon. WILLIAM WILLIAMSON, Judge.

The defendant, William George, was convicted of larceny of cattle and he appeals. Affirmed.

*Gaffy & Stephens,* for Appellant.

*Clarence C. Caldwell,* Attorney General, and *Byron S. Payne,* Assistant Attorney General, for the State.

(1) To point one of the opinion, Respondent cited: People v. Cleveland, 49 Cal. 577; State v. Brandell, 26 S. D. 642; State v. Cline, 27 S. D. 573; State v. Hicks et al., 6 S. D. 327, 60 N. W. 66.

WHITING, J. Appellant was convicted of the larceny of the larceny of certain cattle. He has appealed from the judgment of conviction and from the order denying a new trial.

[1, 2] Appellant has assigned as error certain rulings of the court made during the course of the trial and also the insufficiency of the evidence to support the verdict and judgment. It is conceded that there would be ample evidence to support the verdict were it not for section 364, Code Cr. Proc., which provides that a conviction cannot be had upon the uncorroborated testimony of an accomplice, and provides that the corroboration must tend to connect the defendant with the commission of the offense. Appellant was informed against jointly with two others. One of the other parties turned state's evidence and testified that a conspiracy was entered into, whereunder he and the third party were to asport the cattle and then turn the same over to appellant for disposition. He also testified that such conspiracy was carried out. It was established by the testimony of appellant himself that, within less than a week from the time the cattle were stolen, he came into the actual physical possession of 13 head of such cattle. Upon the witness stand he offered an explanation of

such possession, but the jury were fully warranted in rejecting the explanation as unreasonable. Appellant concedes that if such explanation was rejected by the jury, his possesion might be sufficient to warrant the jury in finding him guilty of receiving stolen property knowing it to be stolen; but appellant contends that, inasmuch as his physical possession of such cattle was shown not to have dated from the time of their asportation, such possession was at best but merely evidence of the receipt of stolen. property, and was not corroborative evidence of his participation in the larceny thereof. We recognize that possession of stolen property may be shown as a circumstance to be considered by the jury in determining the guilt or innocence of one charged with such larceny merely because, from such possession especially if recent, the jury might be justified in inferring that such possession dated from the asportation, thus connecting the party having such possession with the asportation itself. It follows that a question arises whether, when there is evidence disproving the inference that the physical possession dates back to the asportation, there remains in such physical possession any grounds for an inference that the one in such possession was connected with the asportation. But it is not necessary for us to determine this question upon this appeal for the reason that there was other evidence which, though standing alone, might be considered of little probative force, yet, in connection with proof of recent possession, was sufficient to justify the jury in finding that appellant was connected with the asportation of these cattle. It appears that there were 18 cattle stolen. Appellant testified that he came into possession of but 13 of these cattle, and yet there is testimony showing that, after his arrest, he described to one of the owners of these cattle the remaining 5 cattle. There is also evidence that, at least one of these remaining 5 cattle was found at a considerable distance from the place of asportation, and at a place close by that where appellant disposed of the 13 head. There were one or two other circumstances, corroborative in nature, shown by the testimony received. There was ample corroborative proof under the rule laid down by the court in State v. Brandell, 26 S. D. 642, 129 N. W. 242. It is, however, contended by appellant that the court erred in receiving the evidence tending to prove that he described these other 5 cattle. It was

received in rebuttal, apparently for the purpose of impeaching certain testimony of appellant. We deem such evidence competent, not only for purposes of such impeachment, but competent because it tends to prove a fact—his knowledge of the cattle other than those he admitted having possession of—that might well go to the jury as a part of the state's case.

[3] There is no other assignment of error that presents any question necessary for our consideration, except one assigning as error the refusal of the trial court to strike from the record certain testimony given by one of the state's witnesses. The witness was asked whether he had a conversation with appellant at a certain time in relation to what he was doing in that vicinity. Instead of answering the question by "Yes" or "No" the witness stated: "Well, he said that it was his first trip out from the pen." The defense asked that this answer be stricken out as incompetent and having no bearing upon the case. It was certainly incompetent, and the court should immediately have cautioned the jury not to consider the same. The appellant went upon the stand in his own behalf. Having gone on the stand, it would afterwards have been competent for the state to have offered evidence showing that he had been in the state's prison. It would therefore appear that the error committed by the trial court is not taking this evidence from the jury was cured by appellant's taking the witness stand.

[4] We might suggest in passing that this assignment might be disposed of other than upon its merits because of the fact that it does not appear that appellant excepted to the ruling of the trial court. This is also true of every ruling that appears to have been made during the trial of the case. The printed record does not show any exceptions saved. It is true that, under the trial rules, every ruling made by the trial court during the course of a trial is deemed to be excepted to by the party against whom made; but this rule was established for the purpose of expediting the trial of causes. Such rule (Trial Court Rule 24) also requires the stenographer, in preparing a transcript, to note, as to each such ruling, an exception and allowance of exception. This rule of the trial court was not intended to make unnecessary the saving of exceptions for purposes of application for new trial and for appeal, but it is still necessary for a party who feels himself

aggrieved to see to it that in the settled record exceptions are noted; otherwise the trial court as well as this court will presume that the exception has been waived.

The judgment and order appealed from are affirmed.