STATE, Respondent, v. JOHNSON, Appellant.

(208 N. W. 166.)

(File No. 6012.   Opinion filed April 5, 1926.)

1. **Criminal Law—Evidence—Accomplices—Evidence Corroborating Testimony of Accomplice Need Only to Tend to Connect Accused with Commission of Offense.**

   Evidence corroborating testimony of accomplice need only to tend to connect accused with commission of offense; it not being necessary that it should be sufficient to establish his guilt.

2. **Larceny—Presumptions.**

   Presumption arising from possession of stolen goods may be rebutted by satisfactory explanation thereof.

3. **Larceny.**

   Evidence held sufficient to support conviction for larceny of two calves, taken from owner's herd on range.

4. **Witnesses—Cross-examination to Show Defendant's Witness Had Helped Him Out of Other Scrapes and Furnished Bail Held Competent.**

   Cross-examination to show that defendant's witness had helped him out of other scrapes, and had furnished bail for him on other occasions, held competent, under rule that relationship and interest of witness may always be shown on cross-examination.

5.  Criminal Law—Instructions—Instruction Omitting Taking as Element of Larceny Held Not Prejudicial Error, in View of Other Instruction.

   In prosecuting for larceny, instruction that accused was guilty if he carried away such property by fraud and stealth without consent of owner, held not prejudicial error, though jury were not required to find that accused took property, in view of preceding instruction.

6.  Criminal Law—New Trial—Newly Discovered Corroborative Evidence, Disclosed by Affidavit, Held Not Ground for New Trial, Where Affiant Did Not State He Would So Testify on New Trial.

   Affidavit stating facts corroborating testimony of accused in prosecution for larceny, statements of which were denied by two other affidavits, and which did not state that affiant would testify to facts stated therein in case of new trial, held not ground for new trial as newly discovered evidence.

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Criminal law, Key-No. 511(2), 16 C. J. Sec. 1434; **(2)** Larceny, Key-No. 64(6), 36 C. J. Sec. 432; **(3)** Larceny, Key-No. 55, 36 C. J. Sec. 498; **(4)** Witnesses, Key-No. 370(1), 40 Cyc. 2656; **(5)** Criminal law, Key-No. 823(4), 16 C. J. Sec. 2495. Larceny, 36 C. J. Sec. 531; **(6)** Criminal law, Key-No. 958(4), 16 C. J. Sec. 2745 (Anno.).

Possession of recently stolen property as evidence of larceny, see note in 12 L. R. A. (N. S.) 199.

Appeal from Circuit Court, Dewey County; Hon. W. F. Eddy, Judge.

Chauncey Johnson, also known as C. L. Johnson, was convicted of larceny, and he appeals. Affirmed.

*Clark & Henderson,* of Yankton, and *P. M. Burns* and *T. C. Gorman,* both of Timber Lake, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

POLLEY, J. Defendant was convicted of the larceny of two calves. His motion for a new trial was denied, and he appeals to this court.

It is the contention of defendant that his conviction rests upon the uncorroborated testimony of an accomplice, and that for that reason the judgment must be reversed.

[1-3] The calves that are claimed to have been stolen belonged to one Snavely. He testified that he saw and counted his

cattle, including the calves claimed to have been stolen, on the evening of October 15; that they were then on the range where they were accustomed to graze; that he saw and counted them again on the following day, when he discovered that the two calves in question and a certain two year old steer were missing. On the morning of the 16th of October, the day that Snavely missed his cattle, defendant and one Andrew Dupris had the two calves in question, with other cattle, in their possession and drove them to defendant's place, a considerable distance from where Snavely saw them the evening before. The larceny of the calves was established by Snavely's testimony, and the possession thereof · so soon after they had been stolen tends to connect defendant with the larceny. Dupris pleaded guilty to the larceny and then testified for the state. As has been said many times before, it is not necessary that the corroborating evidence be sufficient to establish defendant's guilt. It need only tend to connect him with the commission of the offense. The presumption based on possession may be rebutted by a satisfactory explanation of such possession, and by way of explanation defendant testified that he purchased the calves from Dupris with the understanding and belief that Dupris owned them and had a right to sell them. Dupris testified that defendant took the two calves and the above-mentioned steer out of Snavely's herd, and that they (Dupris and defendant) drove them away. The jury believed Dupris, as they had a right to do, and the evidence is sufficient to support the verdict.

[4]   On cross-examination of a witness for defendant, the state was permitted, over objection, to ask the witness if he had not helped the defendant out of other scrapes he had been in before, and if he had not furnished bail for defendant on other occasions. This testimony was competent under the rule that relationship and interest of the witness may always be shown on cross-examination.

[5]   Error is predicated upon one of the instructions given the jury. This instruction charged the jury that, if they believed beyond a reasonable doubt that the defendant did, "without the consent of the owner thereof, by fraud and stealth, carry away" the described property, their verdict should be guilty. It is contended by defendant that under this instruction the jury was au-

thorized to find the defendant guilty, although he did not "take" the property, but merely carried it away after it had been taken by Dupris. The omission by the court of the word "take" was unfortunate, but we do not believe the defendant was prejudiced thereby. In the preceding instruction the court instructed the jury that larceny is "the taking of personal property accomplished by fraud and stealth and with intent to deprive the owner thereof." It is scarcely possible that the jury was misled by the omission complained of, or that defendant was injured thereby.

[6] One ground on which a new trial is asked is newly discovered evidence. This evidence is shown by the affidavit of one Ed Olson, a live stock dealer, in which he states that on the 15th day of October he was at the ranch of Dupris, and that on that occasion Dupris offered to sell him certain calves, among which were the two calves described in the information in this case. The most that can be said for this affidavit is that it is corroborative of defendant's testimony. The statements made are denied by two other affidavits, and were evidently not believed by the trial judge. Whether the affiant, in case of a new trial, would testify to the facts stated in the affidavit, he does not say, and we do not believe his testimony would change the result if he did so testify.

The judgment and order appealed from are affirmed.

CAMPBELL, J., not sitting.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.