STATE of South Dakota, Plaintiff
and Appellee,

v.

Dennis Eugene DOMINIACK,
Defendant and Appellant.

No. 13787.

Supreme Court of South Dakota.

Argued March 24, 1983.

Decided May 25, 1983.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Sidney B. Strange of Strange, Strange & Palmer, Sioux Falls, for defendant and appellant.

DUNN, Justice.

This is an appeal from a judgment and sentence resulting from a conviction to conspire to possess and distribute a controlled

substance in violation of SDCL 22–3–8.* We reverse.

On or about April 17, 1980, David Minor (Minor) was arrested for distribution of controlled substances in Union County, South Dakota. Information provided by Minor subsequent to his arrest led to the raid of the apartment of Louie Miller (Miller) on April 18, 1980, in Vermillion, South Dakota. Large quantities of controlled substances, including marijuana, methaqualone, hashish, and cocaine, were found in the apartment. Miller was subsequently convicted of a felony charge for operating and maintaining a place where drugs were stored.

In conjunction with the raid of Miller's apartment, Dennis Eugene Dominiack (appellant) was charged for conspiring with Miller to purchase, hold and sell drugs. Appellant was not present at the time of the raid and did not reside with Miller in the apartment. The record reveals that when appellant was arrested, no drugs of any kind were found on his person or in his car or residence.

In bringing a charge of conspiracy to possess and distribute controlled substances against appellant, the State alleged appellant participated in at least five separate acts to carry out the objects of the conspiracy. According to the information filed by the State, these acts allegedly took place between the dates of March 18 and April 18, 1980.

Miller and appellant were friends and, since they were from the same town, the two had known each other for many years. At the very least, it can be said that the two would meet with some frequency and would use various drugs during these meetings. Apparently, the drugs were sometimes furnished by Miller and sometimes by appellant.

The State evidently believed that testimony by Miller would establish the existence of the alleged conspiracy between Miller and appellant. Unfortunately, Miller was less than consistent in his testimony. At trial, Miller disavowed statements made at the time of his arrest and at his preliminary hearing. Contrary to his prior statements, Miller denied that there was a partnership between himself and appellant in a drug venture. While Miller admitted that he personally had distributed drugs to others and that he and appellant would use drugs while together, he denied on cross-examination that he and appellant had ever gone together for the purpose of distributing drugs to others. Ultimately, the State had Miller declared a hostile witness and had his prior inconsistent statements alleging a conspiracy introduced. In denying these prior statements, Miller alleged he was on drugs at the time of the arrest and responded untruthfully to the State's questions at that point and at the preliminary hearing.

■ Since Miller was declared an accomplice, the State needed to introduce corroborating evidence to establish the existence of the conspiracy. To corroborate Miller's prior statements alleging conspiracy, the State relied on testimony by Minor. Minor admits to smoking fifteen to twenty joints

---

* SDCL 22–3–8 provides:

If two or more persons conspire, either to commit any offense against the state of South Dakota, or to defraud the state of South Dakota, or any county, township, school district or municipal corporation in any manner or for any purpose, and one or more of the parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be guilty as follows:

(1) If the conspiracy was to commit a felony, each party is guilty of a classified felony which is one classification less severe than the felony to be committed, but in no case shall the punishment for conspiracy to commit a felony be less than a Class 6 felony. If the conspiracy was to commit a felony which has not been classified, the principal felony shall be presumed to be classified in the class set forth in § 22–6–1 which matches the maximum imprisonment authorized for that felony; provided, that when the maximum imprisonment authorized for an unclassified felony falls between two classifications, the principal felony shall be presumed to be classified in the less severe class;

(2) If the conspiracy was to commit a Class 1 misdemeanor, each person is guilty of a Class 1 misdemeanor.

It is not a crime to conspire to commit a Class 2 misdemeanor or a petty offense.

with appellant over a period of time. Minor testified that he and appellant would sell each other drugs for personal use. Minor also testified that he and Miller knew each other. In fact, Minor admitted selling Miller up to two pounds of marijuana which he knew Minor was going to resell to others. Minor also left amphetamines with Miller hoping Miller could sell them to others for cash. After Miller's efforts proved to be unsuccessful, Minor picked up the drugs and apparently then tried to dispose of them himself. The trial court refused to instruct the jury that Minor also had the status of an accomplice.

Based on the testimony of these two witnesses and observations of two arresting officers and a crime lab chemist, appellant was convicted of the conspiracy charge. Appellant now asks us to review the conviction in light of the issues raised below.

Appellant's primary contention is that the trial court erred when it failed to instruct the jury that Minor, like Miller, was an accomplice as a matter of law.

In *State v. Johnson,* 81 S.D. 600, 139 N.W.2d 232 (1965), this court stated:

> An accomplice is one who is liable to prosecution for the identical offense charged against the defendant on trial. To render one an accomplice he must in some manner knowingly and with criminal intent participate, associate or concur with another in the commission of a crime.

81 S.D. at 606, 139 N.W.2d at 236.

In the case at hand, appellant is charged with conspiring to possess and distribute a controlled substance in violation of SDCL 22–3–8. Miller, who was an accomplice as a matter of law, testified that he purchased two pounds of marijuana from Minor. Minor admitted he made this sale and acknowledged that he knew Miller was going to resell the marijuana to others. Moreover, Minor acknowledged leaving amphetamines with Miller, knowing he would be paid if Miller were able to sell them. Clearly, Minor worked in concert with Miller, conspired if you will, to obtain and sell drugs to residents of Vermillion and others in the surrounding area.

The State argues, however, that we must ignore the evidence establishing a conspiracy to distribute between Minor and Miller, and focus on the conspiracy charge against Miller and appellant. The State alleges the former conspiracy is not related to the latter and thus an accomplice instruction for Minor was properly denied.

In *State v. Fox,* 313 N.W.2d 38, 40 (S.D. 1981), we cited the following proposition found in *Gray v. State,* 585 P.2d 357, 359 (Okl.Cr.1978), with approval:

> A witness is not an accomplice to a defendant simply because his distinct acts happen to constitute a like offense. Rather, it is necessary that a charge against that witness could have arisen from the same occurrence as the crime for which the defendant was tried.

The State alleges Minor's acts are distinct from those charged in the Miller-appellant conspiracy and he was thus not an accomplice in the alleged acts of conspiracy. We cannot agree.

The State alleges Miller and appellant conspired to possess and distribute controlled substances. The best evidence the State received from Miller's direct testimony demonstrating the existence of a conspiracy was Miller's assertion that he used money borrowed from appellant to buy drugs. Miller further testified, however, that he used some of the borrowed funds to purchase several pounds of marijuana from Minor for resale. Minor admitted at trial that he knew the marijuana was to be resold to others. If the use of appellant's funds to purchase drugs involves him in a conspiracy, the purchase of those drugs from Minor would make him no less a member of this conspiracy. It is hard to imagine how Miller could be ruled an accomplice and Minor not be held in that same status.

■ Even if it could have been concluded that Minor's status was in doubt, the instruction offered by the trial court, submitting this question to the jury, was incomplete. The instruction on Minor's accomplice status ended with the following state-

ment: "Whether or not any witness in this case was an accomplice as defined in these instructions is for the jury to determine from all the evidence in the case." At the very least, the jury should have been further instructed in the following manner:

If you find that David Minor is an accomplice, then his testimony cannot be used to corroborate Miller's testimony. Likewise, Miller's testimony could not be used to corroborate Minor's testimony as an accomplice cannot corroborate the testimony of another accomplice. If you find that Miller's testimony is not corroborated in the evidence, then you must disregard his testimony in arriving at your verdict.

As we noted above, however, our reading of the record leads us to the conclusion that the trial court had no choice but to declare Minor an accomplice as a matter of law.

Having concluded that both Miller and Minor were accomplices in this case, we must determine whether corroborating evidence was produced as required by SDCL 23A–22–8. In *State v. Quinn,* 69 S.D. 574, 577, 13 N.W.2d 50, 51–52 (1944), this court determined whether accomplice's testimony could corroborate other accomplice testimony. We stated:

Both of these witnesses being accomplices, we are of the opinion that the testimony of one cannot be regarded as corroboration of the testimony of the other within the meaning of our statute requiring that the testimony of an accomplice must be corroborated. In our opinion, a holding permitting one accomplice to corroborate another would be contrary to the spirit and intent of our statute. Such is the general holding under similar statutes.

A similar conclusion was reached in *State v. Stecker,* 79 S.D. 79, 108 N.W.2d 47 (1961). *See also Matter of Welfare of K.A.Z.,* 266 N.W.2d 167 (Minn.1978).

 Since the accomplices cannot by law corroborate each other's testimony, we look to other evidence introduced at trial. It is worth noting that the State's brief relies totally on Minor's testimony to cor-

roborate the prior inconsistent statements made by Miller. The State also conceded during oral arguments that Minor's testimony was the only corroborating evidence introduced at trial. Like the State, we can find nothing in the testimony of the officers who arrested Miller or the chemist who tested the drugs confiscated which connects appellant with the commission of a conspiracy to obtain, hold and distribute controlled substances. We also agree with the State's conclusion that the exhibits introduced at trial do not provide the required corroboration.

Since no corroborating evidence was introduced, we must conclude the conspiracy conviction cannot stand and the judgment appealed from is reversed.

WOLLMAN, MORGAN and HENDERSON, JJ., concur.

FOSHEIM, C.J., dissents.

FOSHEIM, Chief Justice, dissenting.

The trial court clearly charged the jury that they could not convict on the uncorroborated testimony of an accomplice and that an inference is a deduction of fact that may reasonably be drawn from circumstantial evidence as well as direct testimony. Inferences can be drawn from the total evidence that Minor was likely involved in various conspiracy combinations to distribute controlled substances: some with Miller, some with appellant, and some with both.

Officer Al Hoff testified:

Q And what did Louie tell us on that occasion?

A The exact words, Mr. Rusch, I don't remember. But there was talk of transactions on both sides. That Dennis had introduced—or had been selling drugs to David Minor, and David Minor had been selling drugs to Dennis and Louie.

Although the source of Officer Hoff's testimony was an accomplice, and is therefore insufficient to convict appellant, it can be accepted as evidence that Minor may not be an accomplice as to the specific conspiracy

here charged. Minor's testimony also indicates a drug escapade between him and appellant with Miller's participation in question.

When the facts, even though not in dispute, are susceptible of different inferences, the question of whether the witness is an accomplice is one for the jury. *State v. Johnson,* 81 S.D. 600, 139 N.W.2d 232 (1965). The jury could find by fair inferences, and by their verdict must have found, that while Minor's acts happened to constitute a like offense, they did not arise from the same crime for which appellant is charged. *State v. Fox,* 313 N.W.2d 38 (S.D.1981). Of course, if Minor was not an accomplice to this particular offense, his testimony needed no corroboration. The trial court properly submitted the question of Minor's accomplice status to the jury. The majority, however, sees that instruction as inadequate because it is not capped by adding that if the jury finds Minor to be an accomplice, then his testimony cannot be used to corroborate Miller's testimony because the testimony of an accomplice cannot corroborate the testimony of another accomplice.

If an accomplice's testimony cannot be used for corroboration, as the instructions clearly state, that means precisely what it says: it cannot corroborate the testimony of anyone, including another accomplice. Further, instruction to state the obvious was unnecessary.

Instructions in a criminal case must be considered as a whole in determining whether error was committed. *State v. Poss,* 298 N.W.2d 80 (S.D.1980); *State v. Sonnenschein,* 37 S.D. 585, 159 N.W. 101 (1916). A verdict will not be set aside because detached portions of the instruction do not completely or correctly state the law where it clearly appears that, taken as a whole, the charge correctly stated the law of the case and the jury could not have been misled. *State v. Brennan,* 2 S.D. 384, 50 N.W. 625 (1891). Taken as a whole these instructions reflect great effort to fairly charge the jury on the accomplice issue.

Officer Hoff also testified at trial that in the course of their drug investigation, they went to the Miller residence where they saw some drugs inside the residence. This observation was a probable cause basis for the search warrant. Considerable physical evidence was taken as a result of the search of the Miller residence which, by sheer quantity, prompts inferences of numerous conspiracies to distribute drugs and would therefore tend to strengthen, i.e. corroborate, both accomplices' testimony.

*State v. Fullerton Lumber Co.,* 35 S.D. 410, 152 N.W. 708 (1915), also involved criminal conspiracy. In that case it was also contended by appellant:

[T]hat there is no corroborating evidence in the record; that the witness Smith was an accomplice; that the conviction rests wholly upon his uncorroborated testimony; and that therefore the conviction cannot stand.

We held:

It is true that Smith participated in all the unlawful acts alleged in the indictment. He appears to have entered into the scheme willingly, if not enthusiastically. His testimony covered the entire transaction, and, in the absence of the statute, is sufficient, if competent, to support the verdict. It is only a question, then, as to whether there is any other evidence than Smith's tending to connect the defendants with the commission of the offense charged. This does not mean evidence that would support the verdict without the testimony of the accomplice, but only such as supports or strengthens that of the accomplice. This question was discussed at length by this court in *State v. Hicks,* 6 S.D. 325, 60 N.W. 66, where the court stated the rule as follows:

'... the corroborative evidence must be such as fairly leads to the inference that the testimony of the accomplice implicating the defendant in the commission of the offense is true. Some substantial evidence of this sort is essential, but its extent or degree of probative force is for the jury.... Its credibility must be strengthened. The requirement of the statute is not that

such corroborating testimony shall prove or establish the defendant's connection with the commission of the crime, but that it shall so "tend." The law is complied with if there is some other evidence fairly tending to connect the defendant with the commission of the crime, so that his conviction will not rest entirely upon the evidence of the accomplice.'

*Id.* 152 N.W. at 715–16.

In *Fullerton,* we held that the inferences and circumstances "tending to corroborate the testimony of Smith was sufficient to warrant the jury in finding that there was other evidence tending to connect the defendants with the commission of the offense." *Id.* In my opinion, there is sufficient corroborating evidence in this case to sustain the conviction, even though Minor was an accomplice. I would affirm.